WILLIAM H. MANDEVILLE, Respondent, *v.* ALONZO F. KENT and THE TRAVELERS' INSURANCE COMPANY of Hartford, Connecticut, Defendants; ELLEN K. MACKEY and LILLIE K. BROMLEY, Appellants.

*Adjudication as to the ownership of a life insurance policy — payment of the premium by a third person — a lien is thereby created in his favor superior to that of the contingent beneficiaries.*

Upon the trial of an action, brought to determine the ownership of a life insurance policy and to enforce the plaintiff's alleged interest therein, it was shown that at the request of the assured, the plaintiff paid certain premiums due upon such policy in order to prevent its forfeiture; that in this policy the wife of the assured was named as the beneficiary, and it was covenanted that in case of her death, prior to the death of the assured, the amount of the policy should be paid to certain persons specified therein.

The assured gave the plaintiff a note for the amounts so paid by him, and he and his wife assigned to the plaintiff the policy of insurance and all sums of money and interest and benefits whatever that were then due or should thereafter arise under such policy, as collateral security for the payment of such note, and delivered the said policy to him. Thereafter, the assured and his wife requested

the insurer to issue a paid-up policy in place of the policy delivered to the plaintiff. This request was complied with and the paid-up policy was issued and delivered to the plaintiff and was held by him as security for the repayment of the money paid by him, and the present action was brought by the plaintiff to have it adjudged that the policy had been duly assigned to him, that he held it as security, and that such security be enforced.

It was shown upon the trial that the wife of the assured died during his lifetime; that the contingent beneficiaries named in the policy paid no part of the premiums, and never had the policy under their control nor in their possession, and that no part of the premiums paid by the plaintiff had been repaid to him.

*Held,* that the plaintiff's claim was a charge upon the paid-up policy in its very inception which could not be divested except by the payment of that claim;

That there was no such delivery of the paid-up policy to the plaintiff or to the assured as would inure to the benefit of the contingent beneficiaries and allow them to take the policy discharged of the plaintiff's claims;

That no trust was created in favor of the contingent beneficiaries except such as might exist in the balance of the policy, if any, remaining after the payment of the plaintiff's claim.

APPEAL by the defendants, Ellen K. Mackey and Lillie K. Bromley, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Cattaraugus on the 3d day of October, 1894, upon the decision of the court rendered at the Cattaraugus Special Term, adjudging that the plaintiff is entitled to hold, as collateral security, a certain policy of insurance, and directing the sale thereof and the payment of a certain note held by the plaintiff out of the proceeds resulting from such sale.

*Uriah W. Tompkins,* for the appellants.

*Charles S. Cary,* for the respondent.

WARD, J. :

The defendant Alonzo F. Kent, in 1881, procured the defendant the Travelers' Insurance Company of Hartford, Conn., to issue to him a policy of insurance which provided that in case of his death the company would pay to Maggie C., his wife, or, in the event of her death prior to his, to her sisters (defendants and appellants here), Lillie K. Bromley and Ellen K. Mackey, the sum of $10,000, containing certain conditions and providing for the payment of annual premiums. The policy further provided that after the payment of

three or more annual premiums, if the policy should determine, by reason of default in the payment of any subsequent premium, then, notwithstanding such default, the company would grant a " paid-up policy," payable like the first for as many tenth parts of the sum insured as there had been complete annual premiums paid thereof when the default in the payment of premiums had first been made, and all interest in the policy should be forfeited to the insurance company unless the first three premiums were paid. In the years 1882, 1883 and 1884 the respondent paid divers sums of money to the insurance company on account of the premiums due on the policy, which on the 24th of October, 1884, amounted in the aggregate to $455.33. Those premiums were paid by respondent at the request of Kent, he being unable to pay them and for the purpose of keeping the policy alive and preventing its forfeiture, and but for such payments all interest in the policy would have become forfeited by the terms thereof. Prior to the payment by the respondent of the last quarterly payment of premiums required to be paid in order to complete the payment of the premiums for the three years, the said Kent, being unable to pay the same, requested the respondent to pay such premiums, and agreed with the respondent to assign and transfer such policy as security for the premiums paid as aforesaid, including the amount then to be paid ; that relying upon such agreement the respondent did pay the sum of $109.07 as the last quarterly premium to complete the three years' payment upon said policy and thereby prevented its forfeiture.

In pursuance of such agreement, on October 24, 1884, Kent and his wife executed and delivered to the respondent a written instrument, transferring and assigning to him the said policy of insurance and all sums of money, interests and benefits whatever that were then due or should thereafter arise under said policy as collateral security for the payment of a note of $473.33, dated on that day and signed by Kent, being the amount of premiums which had been paid as aforesaid by the respondent and a small amount for rent of eighteen dollars. Thereupon said assignment, together with the policy, was delivered to the respondent and has been since held by him, a copy of which assignment was filed with the insurance company, and on the 15th of December, 1884, Kent and wife requested

the company to issue a paid-up policy in the place of the first-mentioned policy for the sum of $3,000, which request was complied with by the company, and such paid-up policy was issued and delivered to the respondent and has since been held by him as security for the payment of the money, and this action was brought by the plaintiff, now respondent, to have the said policy adjudged as duly assigned to him and that he holds it as security and that such security be enforced.

In October, 1890, the wife, Maggie C. Kent, died, and the appellants here, Mackey and Bromley, survive her. They paid no part of the premiums, never had the policy under their control nor in their possession; no part of the premiums advanced has been repaid to the respondent. The appellants alone answer in the case. The trial court gave judgment for the plaintiff, deducting the eighteen dollars rent, and ordered a sale of the policy upon proper notice, and the appellants appeal to this court from such judgment. The appellants seek to avail themselves of the benefit of the paid-up policy without paying what it cost the respondent to secure it; but for the interposition of the respondent and the advances he made in payment of the premiums there would have been no valid policy now in existence and no claim would exist in favor of any one against the insurance company. In good faith the respondent paid the premiums before the assignment to him at the request of Alonzo F. Kent and upon the express agreement that the policy should be assigned to the respondent as security to cover all the premiums paid by the respondent. The assignment of the policy, with the request that the paid-up one issue and be delivered to the respondent for his security, was in pursuance of this agreement. The paid-up policy was, in fact, never delivered to Kent or his wife, but to the respondent pursuant to the assignment. It went to him as a result of his payments which saved the old policy and made the new one possible, so that the respondent's claim was a charge upon the new policy in its very inception, which could not be divested except by the payment of that claim. There was, therefore, no such delivery of the paid-up policy to the respondent or to Kent as inured to the benefit of the contingent beneficiaries as would allow them to take the policy discharged of the respondent's claim, nor can it be said that the delivery of the original policy to Kent vested a right in the

appellants to hold the fruits of it against the respondent's equity; nor was any trust ever created in favor of the contingent beneficiaries (the appellants), except such as may possibly exist in the balance of the policy, if any remains, after the payment of the respondent's claim.

The broadest and clearest equity sustains the respondent, to which the appellants must submit.

The judgment should be affirmed, with costs of the appeal to be paid by the appellants.

DWIGHT, P. J., LEWIS and BRADLEY, JJ., concurred.

Judgment affirmed, with costs.