BRANDOW v. VROMAN et al.

(Supreme Court, Appellate Division, Third Department. May 10, 1898.)

1. MORTGAGE FORECLOSURE—SERVICE OF PROCESS ON RECEIVER—EFFECT.
   In foreclosure, service of process on the receiver appointed to take charge of the mortgagor's property will not foreclose the mortgagor's equity of redemption therein.

2. SAME—RIGHTS OF SUBSEQUENT MORTGAGEE.
   In foreclosure, a subsequent mortgagee is entitled, by virtue of his interest in the property, to have the prior mortgagor's equity of redemption effectually closed, and to ask that proper service be had on the prior mortgagor.

Appeal from special term, Albany county.

Action by Cornelius S. Brandow against Jesse O. Vroman, William W. Zelie, and others. From an order (50 N. Y. Supp. 323) denying a motion to set aside an order to serve the summons by publication, defendants William W. Zelie and others appeal. Reversed.

The action is to foreclose a mortgage executed by Jesse O. Vroman to the plaintiff. Prior to its commencement, the defendant Daley had been appointed receiver of Vroman's property, and Vroman himself had absconded. Vroman is named as a party defendant in this action, and also Daley. William and Josiah Zelie are the owners of a subsequent mortgage on the premises, and are also made parties defendant. An order was granted to serve the summons by publication on Vroman; but it was made upon an unverified complaint, and is confessedly irregular and void. A motion was made at special term, by the defendants William and Josiah Zelie, to vacate and set aside such order. It was denied on the ground that Vroman was not a necessary party, inasmuch as Daley had been appointed a receiver of his property, and a lis pendens had been filed in the action. From the order denying such motion, this appeal is taken.

Argued before PARKER, P. J., and LANDON, HERRICK, MERWIN, and PUTNAM, JJ.

Eugene E. Howe, for appellants.
J. C. Tallmadge, for respondent.

PARKER, P. J. We are of the opinion that the equity of redemption will not be effectually cut off in this action unless the mortgagor, Jesse O. Vroman, is served with process, and properly brought in as a defendant. The fact that James B. Daley was appointed a receiver of his property before the commencement of this action, and that he is made a defendant therein, will not operate to foreclose such equity. The title which such receiver took of Vroman's property was a qualified one,—in the nature of security merely. The equity of redemption is not vested so absolutely in him that if Vroman should pay up the claim, and procure the receiver to be discharged, he could be said to receive, and thenceforth hold, his title to the premises from that receiver. The interest which the receiver takes is rather in the nature of a lien, than a transfer to him of the legal title. This is substantially held in the case of Bank v. Bussing, 147 N. Y. 665, 670, 42 N. E. 345. In the case before us, Daley, as receiver, is made a party; and the only averment in the complaint of his interest in the mortgaged premises is that, "as receiver of Jesse O. Vroman," he has, or claims to have, "some interest in or lien upon" them, and that "such interest or lien, if any, has accrued subsequently to the lien of the said mortgage," and is subject thereto. Whether he was ever appointed a receiver is not averred. That he claims to have acquired title to the equity of redemption is not averred. That he was appointed under such circumstances as would give him any interest in it, viz. upon a judgment that had been docketed in Schoharie county, is not averred, and does not appear. It seems quite clear that, from the judgment roll which would be made up in this action, unless Vroman is properly made a party thereto there will be nothing to show that the equity of redemption in these premises has ever been foreclosed. We are also of the opinion that the defendants William and Josiah Zelie, as the owners of a subsequent mortgage, are entitled to have the record show that such equity of redemption has been effectually cut off. They are interested to have the premises bring their full value upon the sale, and it is apparent that they will not if the mortgagor's right to redeem them is still outstanding. For these reasons, such defendants are in a position to ask that the service that is made upon Vroman be a regular one, and such as will be operative to give the court jurisdiction of his person. As the record now stands, such service has not been made, and a judgment of foreclosure and sale will not be binding upon him. The irregular and ineffectual mode of service should be vacated, to the end that service may be made upon him before judgment in the action is ordered.

The order appealed from should be reversed, and the motion granted. All concur.