CORNELIUS S. BRANDOW, Respondent, *v.* JESSE O. VROMAN and Others, Defendants; WILLIAM W. ZELIE and JOSIAH ZELIE, as Executors, etc., of DAVID ZELIE, Deceased, Appellants.

*Foreclosure suit — an irregular order permitting service of the summons by publication upon the mortgagor will be vacated on the motion of a junior mortgagee — the mortgagor is a necessary party defendant, although a receiver of his property is made a party.*

Where an order, directing the service of the summons by publication upon the mortgagor in an action for the foreclosure of a mortgage, is irregular, the owners of a subsequent mortgage on the premises are entitled to move to vacate the order in view of their interest to have the premises bring their full value upon the foreclosure sale, which will not be the case if the mortgagor's right to redeem is still outstanding.

The fact that a receiver of the property of the mortgagor has been appointed before the commencement of the action, and that he is made a defendant, does not dispense with the necessity of making the mortgagor himself a party defendant in the action, the interest of the receiver being in the nature of a lien for security, rather than of a transfer to him of the legal title. This is especially so when there is no averment as to the appointment of the receiver, or that he claims to have acquired title to the equity of redemption, or that the judgment, under which he was appointed, has been docketed in the county in which the mortgaged premises are situated, and the only allegation of the complaint is that, "as receiver of Jesse O. Vroman" (the mortgagor), he has, or claims to have, "some interest in or lien upon" them, and that "said interest or lien, if any, has accrued subsequently to the lien of said mortgage."

APPEAL by the defendants, William W. Zelie and another, as executors, etc., of David Zelie, deceased, from an order of the

Supreme Court, made at the Albany Special Term and entered in the office of the clerk of the county of Schoharie on the 23d day of February, 1898, denying their motion to vacate an order of publication of the summons on the defendant Jesse O. Vroman.

The action is to foreclose a mortgage executed by Jesse O. Vroman to the plaintiff. Prior to its commencement the defendant Daley had been appointed receiver of Vroman's property and Vroman himself had absconded. Vroman is named a party defendant in this action and also Daley. William and Josiah Zelie are the owners of a subsequent mortgage on the premises and are also made parties defendant. An order was granted to serve the summons by publication on Vroman, but it was made upon an unverified complaint and is confessedly irregular and void. A motion was made at Special Term by the defendants William and Josiah Zelie to vacate and set aside such order. It was denied on the ground that Vroman was not a necessary party, inasmuch as Daley had been appointed a receiver of his property and a *lis pendens* had been filed in the action.

From the order denying such motion this appeal is taken.

*Eugene E. Howe,* for the appellants.

*J. C. Tallmadge,* for the respondent.

PARKER, P. J.:

We are of the opinion that the equity of redemption will not be effectually cut off in this action unless the mortgagor, Jesse O. Vroman, is served with process and properly brought in as a defendant. The fact that James B. Daley was appointed a receiver of his property before the commencement of this action and that he is made a defendant therein will not operate to foreclose such equity.

The title which such receiver took of Vroman's property was a qualified one, in the nature of security merely. The equity of redemption is not vested so absolutely in him that if Vroman should pay up the claim and procure the receiver to be discharged he could be said to receive and thenceforth hold his title to the premises from that receiver.

The interest which the receiver takes is rather in the nature of a lien than a transfer to him of the legal title. This is substantially held in the case of *National Bank* v. *Bussing* (147 N. Y. 665, 670).

In the case before us Daley, as receiver, is made a party, and the only averment in the complaint of his interest in the mortgaged premises is that, " as receiver of Jesse O. Vroman," he has, or claims to have, " some interest in or lien upon" them, and that such " interest or lien, if any, has accrued subsequently to the lien of said mortgage" and is subject thereto. Whether he was ever appointed a receiver is not averred ; that he claims to have acquired title to the equity of redemption is not averred ; that he was appointed under such circumstances as would give him any interest in it, viz., upon a judgment that had been docketed in Schoharie county, is not averred and does not appear. It seems quite clear that from the judgment roll which would be made up in this action, unless Vroman is properly made a party thereto, there will be nothing to show that the equity of redemption in these premises has ever been foreclosed.

We are also of the opinion that the defendants William and Josiah Zelie, as the owners of a subsequent mortgage, are entitled to have the record show that such equity of redemption has been effectually cut off. They are interested to have the premises bring their full value upon the sale, and it is apparent that they will not if the mortgagor's right to redeem them is still outstanding.

For these reasons such defendants are in a position to ask that the service that is made upon Vroman be a regular one, and such as will be operative to give the court jurisdiction of his person. As the record now stands, such service has not been made, and a judgment of foreclosure and sale will not be binding upon him. The irregular and ineffectual mode of service should be vacated to the end that service may be made upon him before judgment in the action is ordered.

The order appealed from should be reversed and the motion granted.

All concurred.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.