## J. J. STEVENS v. GERMANIA LIFE INSURANCE COMPANY ET AL.

### Decided April 10, 1901.

**1.—Insurance—Bill of Interpleader by Insurer—Attorney Fees and Costs.**

Where there was conflicting claims to the funds due under an insurance policy, and uncertainty as to whom it was payable, and the insurance company brought an action by bill of interpleader to have said matters adjudicated, and tendered into court the amount due under the policy, the allowance to the company of its costs and attorney fees was not error as against objection by a claimant interpleaded who was entitled only to certain premiums he had paid on the policy, and who was allowed the full amount thereof.

**2.—Same—Statutory Penalty.**

It being uncertain to whom the funds should be paid, and the insurance company having promptly and properly filed the bill of interpleader, it was not liable for statutory penalties for failing to pay the loss within the time specified in the policy after demand of payment.

**3.—Same.**

Where an assignment of a policy as collateral has failed because of the death of the beneficiary before the death of the insured, and the assignee has therefore only a claim on the funds for premiums paid by him on the policy, he is not entitled to demand the statutory penalty for a failure to pay the policy within the prescribed time.

**4.—Same—Interest on Tontine Dividend.**

Nor could the insurance company be subjected to such statutory penalty because it had not tendered interest on a tontine dividend which had become payable with the policy and as a part thereof, since such dividend did not bear interest.

**5.—Same—Assignment of Error by Party Not Appealing.**

Where an assignee of the insurance policy was the only appellant from a judgment in an interpleader by the insurance company, cross-assignments of

error by other parties which do not appear to have been filed in the trial court, and which involve questions between such other parties alone, will not be considered.

**6.—Same—Scope of Cross-Assignments.**

And where such appellant has appealed from part of the judgment only, the other interpleaded parties can not by cross-assignments present errors that are not within the scope of the appeal taken.

**7.—Same—Assignment of Policy Defeated by Death—Tontine Dividend.**

Where a life policy was payable to the wife of the insured, if living at the time of his death, and if not, then to his children, and the insured and his wife assigned the policy to S. as collateral, the death of the wife before that of the husband defeated the assignment and all rights predicated thereon, including a tontine dividend which accrued on the policy after the wife's death.

**8.—Same—Right of Assignee to Recover Premium.**

Since, after the wife's death, the beneficiaries were minor children who would probably have lost the policy because of nonpayment of the premiums had they not been paid by S., to whom the policy had been so assigned as collateral, S. was entitled to recover the amount of the premiums he had paid on the strength of the assignment, with interest thereon from payment.

**9.—Same—Limitations.**

In such case limitations would not run against the right of the assignee to recover the amount of the premiums so paid until the death of the insured.

**10.—Assignment of Error—Multifariousness.**

An assignment of error embracing a diversity of matters and presenting no definite proposition is not entitled to consideration because of multifariousness. See opinion for an example.

Appeal from Bexar.   Tried below before Hon. S. J. Brooks.

*W. W. King,* for appellant.

*William Aubrey, F. H. Wash, Denman, Franklin & McGown, Summerlin, Walling & Norton,* and *James Routledge,* for appellee.

JAMES, CHIEF JUSTICE.—The Germania Life Insurance Company, alleging that it was obligated to pay the sum of $2668 upon a policy issued upon the life of Charles Ochse; that J. J. Stevens, the children of Charles Ochse, and the heirs of John Ochse, were asserting conflicting claims to the benefits of said policy; that it was unable to determine to whom to pay the money,—filed this their suit for interpleader, offering to pay into court said sum, and praying that said matters be adjudicated, and that they be allowed their costs, including attorney's fee.

J. J. Stevens, the children of Charles Ochse, and the heirs of John Ochse appeared and filed separate pleadings, claiming title to the policy and its proceeds.   A deposit of the money was made by the company, subject to the disposition of the court, in a manner satisfactory to the court.   The children of Charles Ochse alleged that more was due on the policy than was admitted by plaintiff.

The decree established the correctness of the sum tendered by plaintiff, and adjudicated that, after paying out of the fund certain sums as costs including an attorney's fee for plaintiff, and certain fees for guardians ad litem, and the sum of $545.50 to defendant Stevens, on account of

premiums paid by him, and his costs, the remainder should go to the other defendants in certain proportions. The appeal is taken by Stevens alone.

The motion for new trial by Stevens complained of the judgment in that he was not allowed a sufficient sum for premiums paid by him, and in his not recovering the tontine dividend of $668 and the statutory penalties, and in the allowance to plaintiff of attorney's fees and costs. His motion for new trial and his appeal are confined to these matters. Inasmuch as the fund was sufficiently large to admit of the payment from the fund of attorney's fees and costs, without detriment to his recovery of all the above sums, we do not see how he can complain of the judgment in this respect. His appeal was confined to the above matters and did not involve, and he has no concern with, the conflicting claims to the fund outside of them. The appeal is taken by Stevens only, and is not from the whole judgment. Woeltz v. Woeltz, 93 Texas, 548. The heirs of John Ochse not only have not appealed, but express themselves as satisfied with the judgment. The children of Charles Ochse, although not appealing, have undertaken to present by cross-assignments questions that affect only the judgment as between them and their coappellees, the children of John Ochse. They can not do this, and therefore the fifth cross-assignment and the eighth and ninth, in so far as these undertake to question matters of costs as adjudged between themselves and the children of John Ochse (and this appears to be their purpose), can not be entertained. Not having appealed, they can not assign errors as to the judgment in favor of plaintiff except within the scope of the appeal taken. Another reason for not considering these assignments, and a reason which affects all the cross-assignments, is that there is nothing to show that they were filed in the District Court. Counsel for the children of John Ochse make this objection to those which concern them. Their cross-assignments as to Stevens we are required to consider.

Stevens assigns as error the action of the court in refusing to direct the jury to award him the sum of $668, a tontine dividend due on the policy, with interest thereon from July 28, 1889, in addition to the amount of the premiums that he had paid out in respect to the policy. The judgment allows him the latter; so the point at issue by his first, second, and fourth assignments is whether or not he was entitled to the tontine dividend.

The policy was issued in favor of "Dorothea Ochse (the wife of Charles Ochse), if living at the time of the death of Charles Ochse, or if not living at that time, to the children of Charles Ochse, or their guardian for their use." Dorothea died October 30, 1889, and Charles Ochse in 1897. The tontine dividend did not accrue until after her death. The policy was assigned to Stephens in February, 1888, as collateral by Charles and Dorothea Ochse. We do not understand from the terms of the policy that the tontine dividend was payable to the beneficiary when ascertained, but that it was to be added to the policy.

However, the dividend did not accrue until after Dorothea's death, so that she could in no event have been entitled to it. At that time the children were the beneficiaries, and Stevens had no assignment from them. The status of Stevens with reference to this policy was that, if Dorothea had survived her husband and become the fixed beneficiary, his title as assignee would have become perfect to the extent of the debt intended to be secured by the assignment (Insurance Company v. Hazlewood, 75 Texas, 338) ; but upon her death before that of her husband, the assignment and his title were defeated. He acquired by the assignment the chance of obtaining the right to collect and appropriate the proceeds of the policy, which failed by reason of Mrs. Ochse's death before that of her husband. Not being entitled to the policy, he could not ask for statutory penalties for nonpayment thereof, which disposes of his third assignment.

The first and second cross assignments allege that appellant's claim for reimbursement for the premium paid by him was barred by limitations. Before disposing of this question, it is first in order to consider whether or not Stevens was entitled to repayment at all, which is the subject of other cross-assignments. While it is held that where the husband assigns as collateral a policy which is payable to the wife the assignee acquires no right to the same, the general rule is that if he pays premiums after it has been assigned to him, he will be entitled to recover the amounts so paid. 3 Joyce on Ins., sec. 2345. This is not the case of a stranger making payments of premiums at the request of the husband. We have here an assignment which was made by the husband and wife, and up to the time the wife died was not absolutely void, for, if the wife had happened to survive the husband, it would have been valid to this date. If the premiums in question were those paid by the assignee before Mrs. Ochse died, they would doubtless have been a charge on the fund. Under the circumstances of this case, viz., the fact that the assignment was not void when made, the fact that Stevens kept up the premiums on the faith of the assignment, and the fact that Ochse's children were minors and would probably have lost the policy had not Stevens maintained it,—we think equity requires that the rule expressed by Mr. Joyce should be applied. Neither Charles Ochse nor his children were liable to Stevens for the premiums. He had no one to sue. They were a charge or lien on the fund, and until the death of the insured there was no fund out of which they could be satisfied, and we think the statute of limitations has no application.

The seventh cross-assignment of Charles Ochse's children complains of the action of the court "in charging the jury to find for plaintiff, and in holding and adjudging that plaintiff was not liable for costs, damages, attorney's fees, or interest upon the claim of these defendants for the proceeds of the policy, and otherwise as set forth in the pleadings of these defendants herein filed; the evidence showing that these defendants were the sole beneficiaries, that plaintiffs had refused to pay the policy to them, that these defendants had been compelled to employ

attorneys to prosecute their claim, that said attorneys were entitled to and earned a reasonable fee in this behalf, and that these defendants were entitled to recover the amount of said policy the statutory damages of 10 per cent thereupon, their reasonable attorney's fees, interest on the amount of the policy, as well as costs."

The above assignment is submitted as a proposition. It is multifarious and presents no definite proposition, and for this reason we have no right to consider it. As to the propriety of allowing plaintiff its costs, including a reasonable attorney's fee, out of the funds in this character of cases and under the facts and circumstances of this case, we refer to Groves v. Sentell, 153 United States, 465, citing Bedell v. Hoffman, 2 Paige, 199. We are of opinion that in a case where the beneficiary is uncertain by reason of conflicting claims, and the company has the right to a bill of interpleader, as in this case, and it proceeds promptly and properly in this regard, as has been determined here, it is not liable for penalties. As to any allegation of error based on the contention that the children of Charles Ochse were the sole beneficiaries of the policy, it will be sufficient to repeat that the question affects the disposition of the case as between them and the children of John Ochse, and neither of these parties nor plaintiff has appealed from the judgment. The diversity of questions suggested by this the seventh cross-assignment is fatal to it as an assignment of error.

By appellant's sixth assignment of error it is insisted that this allowance of attorney's fee and costs out of the fund was improper, because the company had tendered into court only the amount of the policy and dividend, without tendering any interest on the dividend. The court instructed the jury as to the amount due on the policy, and there is no assignment questioning the correctness of this charge. As already stated, the appellant could not have been injured by the judgment for attorney's fees and costs in favor of plaintiff out of the fund, the fund being sufficiently large to satisfy his prior judgment for all that he claims on this appeal he is entitled to.

If the judgment as to the amount due by the company is sustained, then it had tendered what it was indebted on the policy. We are of opinion, however, that there is no foundation in fact for any contention that the tontine dividend was entitled to interest. It became a part of the amount of the policy, and was no more interest bearing than the amount of the face of the policy.

Counsel for appellant and counsel for the children of Charles Ochse present questions affecting the amount of the judgment as computed in favor of Stevens. In respect to these questions we conclude that Stevens was entitled to interest upon the premiums paid by him up to the date of the judgment. We find the evidence does not warrant the full amount allowed by the verdict, but the evidence is that he had paid twenty-six premiums, beginning January 28, 1892, which, calculated at 6 per cent per annum to the date of the decree, makes according to our

calculation, the sum of $454.70, instead of $545.50, as given in the decree. In this respect the judgment will be reformed, but otherwise affirmed.

*Reformed and affirmed.*

### ON MOTION FOR REHEARING.

Appellant insists that there was some evidence that the tontine period of this policy expired prior to the death of Dorothea Ochse, and that the tontine dividend was then payable to the beneficiary, and not to be added to the policy. For the purposes of this decision we may concede that appellant is right in these contentions. The tontine dividend was by the terms of the policy payable to the "assured." At that time Ochse had not died, and his wife was not certainly the beneficiary, nor the assured. Her title to the benefits of the policy and her right, as the assured, was contingent upon the event of her surviving her husband. As matters then stood, she was not and might never be the beneficiary. The title of the children was also contingent. Had she been the fixed beneficiary at the time, there would have been ground for the position that appellant takes. There was, according to the terms of this policy and the conditions then surrounding the parties, no fixed or ascertainable beneficiary to demand and receive benefits arising from this insurance. Therefore we conclude that the dividend was not payable to Mrs. Ochse, nor was there any one capable of enforcing or receiving it until Mrs. Ochse died, and then the children, not the appellant, were entitled to it. As Mrs. Ochse died before her husband, her contingent interest never became perfected. The nature of the beneficiaries' relation in a policy drawn payable as this one is, is discussed in Glenn v. Burns (Tenn.), 45 Southwestern Reporter, 785.

The other points made in the motion have been sufficiently discussed in the main opinion. The motion is overruled.

*Overruled.*

Writ of error refused.