[L. A. No. 1165.   Department One.—September 11, 1903.]

ALICE L. STOCKWELL, Respondent, v. MUTUAL LIFE INSURANCE COMPANY OF NEW YORK et al., Defendants; MARIAN A. WHISSEN, Appellant.

LIFE INSURANCE—PREMIUM—PAYMENTS BY ONE OF SEVERAL BENEFICIARIES—REIMBURSEMENT—EQUITABLE LIEN.—Though there is no legal liability resting upon any of the beneficiaries named in a policy of life insurance to pay the premiums accruing upon the policy, yet one of several beneficiaries who desires to keep the policy alive must pay the entire premium; and the beneficiary paying such premiums thereby acquires an equitable lien upon the proceeds of the policy for reimbursement of the money advanced for the benefit of the other beneficiaries who claim an interest in such proceeds.

ID.—ACTION UPON POLICY—PAYMENT OF PROCEEDS INTO COURT—DISTRIBUTION OF FUND—DEMAND FOR REIMBURSEMENT—PLEADING—NON-PAYMENT.—Where in an action upon a policy of life insurance the proceeds of the policy are paid into court by the insurance company, and one of the beneficiaries seeks reimbursement from the others for their share of premiums advanced out of such proceeds, such demand does not arise out of contract, and no averment of non-payment of such share is necessary; but the entire fund is in

the hands of the court to be distributed according to the rights of the parties.

ID.—STATUTE OF LIMITATIONS—RIGHT OF ACTION.—No right of action accrued to the beneficiary advancing the premiums for reimbursement out of the proceeos of the policy until after the death of the insured person; and the statute of limitations cannot begin to run against such beneficiary prior to that time.

ID.—FINDINGS—PAYMENTS BY HUSBAND FOR WIFE AS BENEFICIARY.—A finding that payments of premiums were made by the husband out of his earnings for and on account of his wife as a beneficiary, at her request, and for her benefit and behoof, and that nothing was paid by the other beneficiaries, sufficiently shows that the wife paid such premiums.

ID.—INSPECTION OF WRITTEN EVIDENCE NOT OFFERED—HARMLESS RULING. —The refusal of the court to allow the inspection of writings shown to the plaintiff as a witness, and identified as being in the handwriting of a defendant, and marked by the reporter for identification, until they were offered in evidence, cannot prejudice the defendant, where it was not afterward offered or read in evidence, since it could not be read to the jury after the testimony was closed without the defendants recalling the plaintiff for cross-examination.

ID.—DEFENSE—REIMBURSEMENT BY INSURED—BURDEN OF PROOF—GIFT FROM FATHER TO DAUGHTER—FINDING.—Where the beneficiary defendant pleaded as an affirmative defense that plaintiff was reimbursed by the insured, the burden of proof was upon the defendant to sustain such defense, and it was not sustained by evidence tending to show that the insured father, shortly after his daughter's marriage, bought a lot and caused it to be conveyed to her as a gift. A finding against such reimbursement is substantially included in a finding that neither such defendant, nor any one for her, or on her behalf, has paid any of the premiums, or reimbursed the plaintiff or her husband on account of the payments made by him for her.  ·

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order denying a new trial. M. T. Allen, Judge.

The facts are stated in the opinion.

C. M. Stephens, and Kendrick & Knott, for Appellant.

W. H. Morris, and Marble & Phibbs, for Respondent.

HAYNES, C.—On October 13, 1866, Sarah L. Yoemans obtained a policy from the Mutual Life Insurance Company

of New York, in the sum of five thousand dollars, upon the life of her husband, Thomas D. Yoemans, payable to herself, or, in case of her death, to her surviving children. She died August 28, 1892, her said husband and five children surviving her. Her husband, upon whose life the policy was issued, died February 21, 1900, said five children surviving him.

In 1881 said Sarah L. Yoemans became unable to pay the premiums upon said policy, and from April, 1881, to April, 1891, her daughter, the plaintiff Alice L., then unmarried, paid the premiums on said policy, amounting to $525, and from the time of her death, until the death of said Thomas. D. Yoemans, L. W. Stockwell, the husband of the plaintiff, paid all the premiums accruing upon said policy, amounting to $879.67, out of community funds at her request.

The defendant insurance company was ready and willing to pay, but appellant, one of the beneficiaries, refused to have her one fifth of the amount of the policy charged with its proportion of the said premiums paid by and for the plaintiff, and without which the policy would have lapsed.

This action was thereupon brought, and the insurance company paid the full sum due on the policy into court. The other three beneficiaries assigned their interest in the fund to the plaintiff, and upon the hearing plaintiff's contention was sustained, and defendant Marian A. Whissen appeals from the judgment and from an order denying her motion for a new trial.

Appellant demurred to the complaint upon the ground of insufficient facts, and upon the further ground that each of the payments charged, down to and including the premium paid July 13, 1898, is barred by the first subdivision of section 339 of the Code of Civil Procedure. The demurrer was overruled on both grounds, and defendant answered.

Upon the trial the court eliminated from the case all moneys paid by the plaintiff prior to the death of Mrs. Yoemans, amounting to $525, holding that those payments were made at her request, and were in the nature of loans to the policyholder, and no question is made upon that ruling.

Appellant contends that the complaint is insufficient for the reason that the payments were voluntary; that in making them the plaintiff did not act as agent, nor in pursuance of

any agreement with the defendant, and that the children of
the assured were not bound by the policy to pay the premium.
It is contended that "a suit for contribution will not lie un-
less the payment for the benefit of all was made pursuant to
an obligation; that no man can be made a debtor for money
paid to his use, unless it is done at his request, or unless the
party paying was bound to pay it for him."

Neither appellant nor the insurance company questioned
the right of respondent, who was a beneficiary under the
policy, to pay the premiums accruing after her mother's
death, and thus keeping the policy alive for her own benefit;
and this doctrine is applicable where the designated bene-
ficiaries are the "children," or "legal heirs," of the person
effecting the insurance. (*Yore* v. *Booth,* 110 Cal. 238, 241.[1])

It is quite true that there was no legal liability resting upon
any of the beneficiaries to pay the premiums accruing upon
the policy, and that the payments made by respondent were
in that sense voluntary. But it was not in the power of
respondent to sever her interest in the policy from that of the
other children of the assured, and keep alive the policy for
her own benefit by paying one fifth of the premiums as they
became due. She was compelled to pay the entire premium
as it accrued, or forfeit all interest under it. She could not
protect her own interest in the policy without at the same
time, and by the same expenditure, protecting the interest of
all the beneficiaries who should see proper to avail themselves
of her expenditure by sharing in the proceeds of the policy.
Respondent had no legal claim against appellant. She could
not maintain an action against her to recover the one fifth
of the amount she had paid to preserve the policy in force.
It was optional with appellant whether she should share in
the benefits of the policy at the expense of her share of the
premiums or renounce all claims of interest in the policy.
But the moment appellant asserted a right to share in the
proceeds of the policy she admitted her equitable liability to
share in the expenditure by the respondent, without which
there would have been no fund to distribute. If respondent
had no interest in the policy, or if she could have severed her
interest and protected it by paying her proportion of the

---

[1] 52 Am. St. Rep. 81.

premiums as they accrued, all payments made beyond such proportion would have been strictly voluntary. There is a class of equitable rights and liabilities which at law are referred to the fiction of "implied contracts," but which arise wholly from considerations of right and justice which lie at the foundation of equity jurisprudence, and which really exist *ex æquo et bono*. The relation of these beneficiaries to each other in reference to the policy of insurance after the death of their mother, was analogous to that of tenants in common in a parcel of real estate. It would not be questioned that one of them might make such reasonable repairs to the building as were necessary for its preservation, and charge the expense thereof upon the property to be equally borne by the tenants in common. This right does not depend upon contract, but an equitable lien is created upon the property as security for its repayment. Pomeroy, in treating of liens arising *ex æquo et bono,* says: "Where a person, not being the owner of a policy of life insurance, nor bound to pay the premium, but having some claim or color of interest in it, voluntarily pays the premiums thereon, and thus keeps it alive for the benefit of a third party, he may thereby acquire an equitable lien on the proceeds of the policy as security for the repayment of his advances." (3 Pomeroy's Equity Jurisprudence, sec. 1243.)

In *Scobey* v. *Waters,* 10 Lea (Tenn.), 552, several beneficiaries joined in an assignment of a policy upon the life of their father to a creditor. One of the children was a minor. The insured died. The assignment by the minor was held to be void, "but that her one fifth of the fund should be charged with one fifth of the premiums paid by the assignees with interest."

In *Brick* v. *Campbell,* 122 N. Y. 338, a married woman, the beneficiary of a policy on the life of her husband, made an unauthorized assignment of it to a creditor of her husband. In an action to compel the reassignment of the policy a new trial was granted, the court saying that if defendant had paid any premiums upon the policy they should be repaid, with interest.

The English cases are in harmony with the foregoing. (See *Norris* v. *Caledonian. Ins. Co.,* 8 L. R. Eq. 127; *Gill* v. *Dowing,* 17 L. R. Eq. 316; *Todd* v. *Morehouse,* 19 L. R. Eq. 69.) The *law* of contribution, referred to by appellant, ap-

plies where one of several co-debtors or co-sureties is compelled to discharge an obligation, and the other co-debtors or co-sureties are required to contribute towards his reimbursement. In such case the contribution is compulsory; here it is optional. Appellant may share in the fund if she chooses to do so, but upon condition that she contributes to the reimbursement of the plaintiff who alone preserved the fund. The only case cited by appellant that sustains her contention is *Meier* v. *Meier,* 15 Mo. App. 68. The argument in that case, however, is in the main confused and inconclusive, though in one part of the opinion the principle leading to an opposite conclusion is clearly stated. It is there said: "There is a policy of the law which, in the absence of any statute upon the subject, will raise an implied promise to repay the necessary expense reasonably incurred in saving valuable property to the owner. But in those cases the owner is to be the judge as to whether he will take the property with the burden or abandon it to the possessor, so that the acceptance of the property is a ratification of the act of the salvor."

What has been said is a sufficient reply to appellant's contention that "in a suit upon a contract for money a failure to allege non-payment is fatal." The suit is not upon a *contract* for the payment of money. Appellant demanded the payment of one thousand dollars. Respondent offered to pay that sum, less appellant's proportion of the premiums paid by her. The entire fund was in the hands of the court for distribution according to the rights of the parties thereto.

The statute of limitations was pleaded by appellant, both by demurrer and answer. It is a sufficient reply to this contention of appellant to say that no right or cause of action accrued to respondent against appellant on account of the payment of the premiums until the death of Yoemans, upon whose life the policy was issued, which occurred February 21, 1900, and this suit was commenced September 4th of the same year.

Appellant further contends that she is entitled to judgment on the findings, for "there is no finding that plaintiff paid any part of the premiums." The finding is, that the plaintiff's husband from his own earnings paid the several premiums out of his earnings for the purpose of saving the policy

from lapsing, "and that said payments were so made by him at the instance and request and for and on account and to the benefit and behoof of his wife, the plaintiff herein," and that nothing was paid by any of the other beneficiaries. This find-. ing is quite sufficient.

It is also contended by appellant that the court erred in admitting in evidence certain notes and memoranda of payments made upon the premiums, said notes and memoranda having been made by Thomas D. Yoemans, upon whose life the policy was issued. He had no interest in the policy, and it may be conceded, for the purposes of this opinion, that the evidence was not material, and could properly have been excluded; but it is equally clear that it was not prejudicial or injurious to appellant, as the payments referred to were those made before the death of plaintiff's mother, and were not allowed by the court.

When plaintiff was being examined as a witness certain writings were shown to her, and were identified as being in appellant's handwriting, and were marked for identification by the reporter. Appellant's counsel asked that he be permitted to inspect them. The court ruled that defendant had no right to do so until they were offered in evidence. These papers were not read or offered in evidence. In support of her contention appellant quotes part of section 2054 of the Code of Civil Procedure, but omits the last clause. Said section reads: "Whenever a writing is shown to a witness, it may be inspected by the opposite party, and if proved by the witness must be read to the jury before his testimony is closed, or it cannot be read *except on recalling the witness.*" The words we have italicized preserve to the opposite party the right to examine the witness concerning the writing before it is read in evidence. The mere identification of the writing, and having it marked by the reporter, if it is not afterwards offered or read in evidence cannot prejudice the opposite party, since it cannot be read to the jury without recalling the witness for cross-examination.

It is also said by appellant that there was no finding as to whether or not plaintiff was "reimbursed" by her father for the payments made by her.

The policy was upon the life of her father, and therefore he

had no interest in the policy. It was pleaded by defendant as an affirmative defense, and the burden of proof was upon her, and there was no evidence tending to sustain the allegation. True, it was shown that after plaintiff's marriage her father received some money from an estate in England and with it bought a lot and paid therefor eighteen hundred dollars, and had it conveyed to plaintiff. The evidence tended to show that it was a gift to his daughter, the plaintiff, with whom he lived. The third finding, we think, covers the issue in question. It was found: "That neither the defendant, Marian A. Whissen, or any of the other beneficiaries, or any one on their behalf, have ever paid any of the said premiums, nor have they nor either of them, nor any one on their behalf, ever reimbursed the said plaintiff or said L. W. Stockwell for or on account of any of the payments by the latter made as aforesaid."

The findings referred to by appellant are not inconsistent. The payment of the premiums, it is found, was made for the purpose "of saving to the plaintiff as well as the other beneficiaries the benefits and amounts by said policy secured, and that said premiums were so paid by him at the instance and request and for the benefit of his wife."

The evidence is quite sufficient to sustain the findings, and the judgment and order appealed from should be affirmed.

Cooper, C., and Chipman, C., concurred.

For the reasons given in the foregoing opinion the judgment and order appealed from are affirmed.

Shaw, J., Angellotti, J., Van Dyke, J.