[Civ. No. 863. First Appellate District.—April 25, 1911.]

## CLARA E. MORGAN, WILLIAM O. MORGAN, GRACE MORGAN, MABEL E. M. JOHNSTON, DAYTON H. MORGAN, LYNDE D. MORGAN, Respondents, v. THE MUTUAL BENEFIT LIFE INSURANCE COMPANY, a Corporation, Appellant.

LIFE INSURANCE—ACTION BY HEIRS ON POLICY—DEFENSE—COMPULSORY PAYMENT OF PRIOR JUDGMENT IN NEW YORK—ENFORCEMENT OF LIEN ON POLICY.—In an action upon a policy of life insurance by heirs in this state, an answer setting up a compulsory payment of a final judgment establishing a lien on the policy for its full amount, in the state of New York, in favor of the executors of the will of a deceased brother of the insured, to whom the insured husband and his assured wife, being unable to pay the premiums on the policy, while the parties were living in the state of New York had assigned the policy to secure the payment of premiums thereon by him, which assignment was assented to by the insurance company, states a defense, where it appears that when such judgment was rendered, the plaintiff, the insurance company and the policy were before the New York court, and its judgment had became final upon the merits.

ID.—PUBLICATION OF SUMMONS AGAINST HEIRS—DECISION UPON APPEAL.—Where the summons under which such judgment was rendered was served upon the heirs of the deceased widow, who were named as beneficiaries of the policy upon her death, by publication of summons upon them, it was held upon appeal therefrom by the New York court of appeals that such publication was authorized by section 438 of the New York Code of Civil Procedure, as seeking to declare a lien upon the policy of life insurance, which was a lien upon personal property, within that section.

ID.—FINALITY OF DECISION UPON MERITS ENFORCING LIEN—COMPULSORY PAYMENT — EXONERATION AGAINST HEIRS.— Where the judgment upon the merits in such prior action established a lien upon the policy for all the money payable thereon, it is held that, after final appeal therefrom by the insurance company, and the final affirmance

thereof by the New York court of appeals, the insurance company was compelled to pay the same, and was thereby exonerated from a second compulsory payment as against the heirs suing upon the policy in this state.

Id.—Rule as to Situs of Claim of Lien upon Policy.—Whenever a question has arisen in the courts, state or federal, as to the situs of a claim of lien upon a policy of life insurance against an insurance company doing business in a state, in pursuance of its statutes, and it has been sought to uphold the situs of the claim in the state where the contract for the lien was made, it has been upheld.

Id.—Legality of Assignment as to Beneficiaries not Essential to Claim of Lien.—The fact that the heirs, who were to become beneficiaries in the policy upon the death of the wife, did not join in the assignment by the husband and wife, cannot affect the validity of the claim of lien. Where a person not the owner of a policy of life insurance, nor bound to pay the premium, but having some claim or color of interest in it, voluntarily pays the premiums thereon, and thus keeps it alive, for the benefit of a third party, he may thereby acquire an equitable lien on the proceeds of the policy as security for repayment of his advances, even though an assignment of the policy is void.

Id.—Defense not Limited to Equities in Favor of Other Persons—Judgment Against Defendant Binding Heirs.—The matter set up by the defense to the action on the policy is not limited to equities in favor of other persons, but it is a judgment against the defendant in an action in which the respondents were made parties as heirs, and which the defendant is bound to pay.

Id.—Trial upon Agreed Statement and Stipulation—Effect of Reversal.—Where the trial of the action on the policy was upon an agreed statement of facts and a stipulation that judgment should be entered without findings, it is held that upon reversal of the judgment in favor of the heirs, the court below should be directed to enter judgment in favor of the insurance company, defendant.

Id.—Petition for Rehearing — Question as to Publication of Summons — Effect of Stipulation as to Merits.—It is held by the supreme court in bank on petition for rehearing that, regardless of the propriety of the decision of the New York court of appeals as to jurisdiction of the heirs by the publication of summons, the decision of the district court of appeal is fully sustained by the allegations of the answer, stipulated to be true, upon which identical facts the court of appeals of New York correctly held upon the merits that the appellant insurance company must pay the amount adjudged to be due upon the policy to the representatives of those who as assignees had kept it alive by the payment of the premiums; and that, for the same reason that it was compelled to pay there, it must be exonerated here.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.    John J. Van Nostrand, Judge.

The facts are stated in the opinion of the court.

E. C. Chapman, W. C. Sharpstein, and W. R. Bacon, for Appellant.

M. A. J. Kuhl, for Respondents.

KERRIGAN, J.—This is an appeal taken by defendant from a judgment rendered by the superior court of the city and county of San Francisco in favor of the plaintiffs and against the defendant, upon a policy of life insurance issued by defendant to Elizabeth A. Morgan upon the life of her husband, Orson A. Morgan.

To properly discuss the questions of law involved in this case a somewhat extended statement of the facts will be necessary.    They are as follows:

On March 26, 1866, the appellant insurance company in the state of New York issued to Elizabeth A. Morgan, mother of respondents, a policy of insurance on the life of her husband, Orson A. Morgan, father of respondents.    By the terms of said policy appellant agreed to pay $5,000 to Elizabeth A. Morgan, or assigns, or in case she should die before Orson A. Morgan then to the children of said Orson A. Morgan. Being unable to pay the premium due on March 26, 1871, Mr. and Mrs. Morgan on or about that date requested one Dayton S. Morgan, since deceased, to pay the same, in order to keep and preserve said policy in force.    The said insurance policy was thereupon assigned by said Elizabeth A. Morgan and her husband to Dayton S. Morgan to secure the repayment of that particular premium and also such other premiums as he might thereafter pay, together with interest thereon, until such advances should be repaid.    Appellant insurance company assented to this assignment.    Thereafter Dayton S. Morgan, each and every year until his death on April 9, 1890, paid the premium on said policy, and after his death the executors and trustees of his estate continued to pay the same until the death of Orson A. Morgan, the assured,

which occurred in the year 1905.   His wife predeceased him, having died in the year 1904.

At the time of the death of Orson A. Morgan the sums advanced by Dayton S. Morgan and his personal representatives in payment of said premiums, together with interest thereon, largely exceeded the face of said policy.

When the policy of insurance was executed and delivered, and at the time of the assignment thereof, Elizabeth A. Morgan and Orson A. Morgan were residents of the state of New York.   Dayton S. Morgan at all the times mentioned herein resided in the said state of New York, and the policy of insurance since its delivery has always been in that state in the possession of Dayton S. Morgan and his personal representatives.

At the time of the death of the assured all his children before mentioned were and ever since have been nonresidents of said state.

The appellant insurance company, as to the state of New York, is a foreign corporation, having its principal office and place of business in the state of New Jersey, but since the year 1866 and prior thereto it has been doing business within the state of New York, having met the statutory requirements of that state.

On October 6, 1905, proofs of the death of the assured having been furnished to the company, the personal representatives of Dayton S. Morgan commenced an action in the supreme court of New York against the insurance company and the heirs at law of said Orson A. Morgan for the purpose of ascertaining the interest of the parties in said policy of insurance, and to establish an equitable lien in favor of the plaintiffs in that action upon said policy and the moneys due thereunder to the extent of the moneys paid by them and their testator upon said policy, and for the recovery of the amount of the policy from the company.

The insurance company duly appeared.   Thereafter, upon application of the plaintiffs therein (executors of Dayton S. Morgan) an order was granted directing the service of summons upon said heirs at law by publication, and service was made upon them pursuant to that order, but they did not appear in the action.

Defendant insurance company answered the complaint, and admitted that it had issued said policy and that the amount

stated in said complaint was owing by it; but it alleged that in the month of November, 1905, the said heirs at law had commenced an action against it in the superior court of San Francisco, California, demanding judgment against it for the amount of said policy and interest. The insurance company, after some further references in its answer to the action pending in California, submitted its rights to the judgment of said New York court.

Thereafter said insurance company moved, upon the papers upon which the order of publication was granted, that said order of publication be set aside and canceled upon the ground that the court had no jurisdiction to direct publication of summons against the defendants, said nonresident heirs at law. The motion was denied, and an appeal was taken from such order to the appellate division of the supreme court, where, on May 1, 1907, the order was affirmed (*Morgan* v. *Mutual etc. Ins. Co.*, 119 App. Div. 645, [104 N. Y. Supp. 185]), but leave was granted by that court to appeal to the court of appeals of New York. Accordingly the latter court was called upon to decide whether or not jurisdiction of the said heirs at law could be acquired by the New York courts by publication of summons. The New York court of appeals, on November 1, 1907, answered the question certified to it by the appellate division of the supreme court in the affirmative. (*Morgan* v. *Mutual etc. Ins. Co.*, 189 N. Y. 451, [82 N. E. 438].)

Subsequent to this decision the case was tried in the supreme court upon its merits. The respondents, the said heirs at law, did not appear, and after trial judgment was, on September 16, 1908, duly given that the personal representatives of Dayton S. Morgan were entitled to all the money due under the policy, and that the said heirs at law were barred and foreclosed of all interest in said policy and its proceeds, and that plaintiffs in that action recover of the insurance company the sum of $5,228.88 and costs. Thereafter, to wit, on May 5, 1909, the appellate division of the supreme court, to which court the insurance company appealed, affirmed this judgment. (*Morgan* v. *Mutual etc. Ins. Co.*, 132 App. Div. 455, [116 N. Y. Supp. 989].) The company then appealed to the New York court of appeals, which, on February 8, 1910, without an opinion, affirmed the judgment of said appellate divi-

sion. (*Morgan* v. *Mutual etc. Ins. Co.,* 197 N. Y. 607, [91 N. E. 1117].)

In November, 1905, as before noticed, the said heirs at law commenced this action. The defendant, in defense thereto, pleaded the judgment of the New York courts, and also set up the facts upon which said judgment was based. After a hearing said superior court rendered judgment against the defendant insurance company, and in favor of the said heirs at law. In due time the insurance company appealed to the supreme court, which court, by an order regularly made transferred the cause to this court for hearing and decision.

The appellant contends that the New York judgment is conclusive on the respondents here; and, secondly, that even if that be not so, it is entitled to judgment on the facts of the case.

The respondents, on the other hand, in support of the judgment of the superior court of the city and county of San Francisco, argue here (as was contended by the insurance company in the New York courts) that the courts of that state acquired no jurisdiction over them by the publication of summons, so that they are not concluded by the judgment rendered by such courts; and furthermore that the assignment of the policy of insurance was void as to them, they being expressly named as beneficiaries of the policy and not having joined in the assignment.

The question of whether the courts of New York acquired jurisdiction over the respondents by the publication of summons was considered by the court of appeals of that state (*Morgan* v. *Mutual etc. Ins. Co.,* 189 N. Y. 451, [82 N. E. 438]), and in adopting the conclusion there reached we quote quite extensively from the opinion. It is there said:

"The interest of the plaintiff's assignor, Elizabeth A. Morgan, in the policy of insurance was contingent upon her surviving her husband. (*Bradshaw* v. *Mutual Life Ins. Co.,* 187 N. Y. 347, [80 N. E. 203].) As she did not survive her husband, the plaintiffs seek in this action to charge the policy and the proceeds thereof with the amount paid by them and their intestate for premiums thereon. (3 Pomeroy's Equity Jurisprudence, sec. 1243; 25 Cyc. 774, 775; 19 Am. & Eng. Ency. of Law, 90; *Mandeville* v. *Kent.* 88 Hun, 132, [34 N. Y. Supp. 622]; *Brick* v. *Campbell,* 122 N. Y. 337, [25 N.

E. 493, 10 L. R. A. 259]; *Connecticut Mut. Life Ins. Co.* v. *Burroughs,* 34 Conn. 305, [91 Am. Dec. 725]; *Lane* v. *New York Life Ins.·Co.,* 56 Hun, 92, [9 N. Y. Supp. 52].)

"The defendants other than the insurance company are proper and necessary parties to this action (citing cases). The defendant insurance company therefore had a standing in court to move to vacate the order of publication. (*Brandow* v. *Vroman,* 29 App. Div. 597, [51 N. Y. Supp. 943].) This is not disputed by the plaintiffs.

"Service of a summons upon nonresidents of the state of New York may be made as provided by section 438 of the Code of Civil Procedure. It is therein provided as follows: 'An order directing the service of a summons upon a defendant, without the state, or by publication, may be made in either of the following cases: . . . 5. Where the complaint demands judgment, that the defendant be excluded from a vested or contingent interest in or lien upon, specific real or personal property within the state; or that such an interest or lien in favor of either party be enforced, regulated, defined, or limited; or otherwise affecting the title to such property. . . .'

"The term 'personal property' is defined by statute. Section 4 of the statutory construction law (chapter 677, Laws of 1892, [Consol. Laws 1909, c. 22, sec. 39]), provides as follows: 'The term personal property includes chattels, money, things in action, and all written instruments themselves, as distinguished from the rights or interests to which they relate, by which any right, interest, lien or encumbrance in, to or upon property, or any debt or financial obligation is created, acknowledged, evidenced, transferred, discharged or defeated, wholly or in part, and everything, except real property, which may be the subject of ownership. The term chattels includes goods and chattels.' (Rev. Stats., pt. 4, tit. 7, c. 1, sec. 33; Code Proc., sec. 463; Code Civ. Proc. (1880), sec. 3343, subd. 7.)

"It is not necessary to consider to what extent, if any, the legislature, simply by statutory definition or provision, can treat intangible personal property as within this state, and subject it to the jurisdiction of our courts as against persons not served with process within our territorial limits, because in this case not only are the plaintiffs as claimants residents

of this state, but the debtor and the debt as well as the written instrument by which the debt was created, acknowledged and evidenced are in contemplation of law within this state.

"A foreign insurance company is not allowed to do business in this state until it submits itself fully to the jurisdiction of our courts. It must obtain from our superintendent of insurance a certificate authorizing it to do business in this state. It is subject to examination by the insurance department of this state, and it is required to deposit with the superintendent of insurance of this state or with the auditor, controller or general fiscal officer of the state by whose laws it is incorporated, stocks and bonds as provided by our statutes to the same amount as required by domestic insurance corporations, which stocks and bonds are held in trust for the benefit of all the policy-holders of the corporation. A foreign insurance corporation is also required to appoint our superintendent of insurance its attorney in this state upon whom all lawful process in any action or proceeding against the corporation can be served. The authority of such foreign insurance corporation must be revoked in case it applies to remove into the United States court any action brought against it in a court of this state. Our statutes expressly provide that an action against a foreign corporation may be maintained by a resident of the state or by a domestic corporation for any cause of action. Such an action may be maintained in this state by another foreign corporation or by a nonresident when the action is brought to recover damages for the breach of a contract made within this state.

"The presence of the insurance company in this state is not temporary, but continuous. It is legally and actually here, not only because process has been served upon it and it has appeared in the action, but it is here pursuant to the provisions of our statutes by authority of which it is doing business and maintaining offices in this state. The contract of insurance was made by it with a resident of this state through its agents so located and doing business here. Every transaction relating to the contract, its assignment and the payment of premiums thereon has occurred here. The policy of insurance and the claim against the insurance company for the money payable on the policy of insurance are in the control of our court, and any judgment that may be rendered

in the action can be enforced and made effectual in this state. As to such a claim the insurance company should be treated as a domestic insurance corporation and as domiciled in this state. The situs of the debt would consequently be here, and the action is one to define and enforce an interest in specific personal property within the state within the meaning of the code provision quoted. Whenever a question as to the situs of a similar claim against an insurance company doing business in a state pursuant to the statutes thereof has been directly involved in this court or in the federal courts, and it has been sought to uphold the situs of the claim in the state where the contract was made, it has been sustained.

"In *Martine* v. *International Life Ins. Soc.,* 53 N. Y. 339, [13 Am. Rep. 529], an action was brought upon a policy of life insurance. The defendant was a foreign corporation. The court say: 'The defendant sought and obtained the privilege of establishing and carrying on its business here under the regulations fixed by the statutes of this state. It established a permanent general agency, and conducted its business here as a distinct organization, and was permitted by law to do this in the same manner as domestic institutions. . . . As to the business transacted here the company must be regarded as domiciled by the residence of its general agent and its local organization. . . .' "

The court then reviews the cases of *New England Mut. Life Ins. Co.* v. *Woodworth,* 111 U. S. 138, [4 Sup. Ct. 364, 28 L. Ed. 379], *Sulz* v. *Mutual R. F. L. Assn.,* 145 N. Y. 563, [40 N. E. 242, 28 L. R. A. 379], and *Matter of Gordon,* 186 N. Y. 471, [79 N. E. 722, 10 L. R. A., N. S., 1089], and cites them in support of its conclusion.

Other cases that may be cited in support of the jurisdiction of the New York court are the following: *Loaiza* v. *Superior Court,* 85 Cal. 11, [20 Am. St. Rep. 197, 24 Pac. 707, 9 L. R. A. 376]; *Murray* v. *Murray,* 115 Cal. 266, [56 Am. St. Rep. 97, 47 Pac. 37, 37 L. R. A. 626]; *Chicago etc. Co.* v. *Strum,* 174 U. S. 710, [19 Sup. Ct. 797, 41 L. Ed. 1144]; *Jellenik* v. *Huron etc. Co.,* 177 U. S. 1, [20 Sup. Ct. 559, 44 L. Ed. 647].

It is next argued by respondents in support of the judgment that the assignment of the policy of insurance was as to them void, they being expressly named as beneficiaries

under the policy and not having joined in the assignment. The answer of the appellant to this contention is that the assignee of such a policy, who advances the premiums to keep the policy in force, is entitled to a lien on such policy and its proceeds for such advances, even though the assignment is void.

This is the question that was considered by the appellate division of the supreme court of New York (*Morgan* v. *Mutual Ben. Life Ins. Co.*, 132 App. Div. 455, [116 N. Y. Supp. 989]) and determined adversely to the contention of respondents. That court cites with approval and follows the rule laid down in Pomeroy's Equity Jurisprudence, volume 3, section 1243, as follows: "Where a person not being the owner of a policy of life insurance, nor bound to pay the premium, but having some claim or color of interest in it, voluntarily pays the premiums thereon, and thus keeps it alive for the benefit of a third party, he may thereby acquire an equitable lien on the proceeds of the policy as security for the repayment of his advances."

This equitable rule was applied by our own supreme court in the case of *Stockwell* v. *Mutual Life Ins. Co.*, 140 Cal. 198, [98 Am. St. Rep. 25, 73 Pac. 833], where, even in the absence of an assignment of the policy, one of the beneficiaries, who had advanced premiums for the purpose of keeping the policy alive, was allowed an equitable lien upon the proceeds of the policy for the reimbursement of those advances as against the claim of one of the other beneficiaries to receive her share of the policy free and without deduction from it of a *pro rata* of such advances. (See, also, *Unity etc. Assn.* v. *Dugan*, 118 Mass. 219; *Harley* v. *Heist*, 86 Ind. 196, [45 Am. Rep. 285]; *Matlack* v. *Seventh Ave. Bank*, 180 Pa. 360, [36 Atl. 1082]; *Stevens* v. *Germania Life Ins. Co.*, 26 Tex. Civ. App. 156, [62 S. W. 824].)

Respondent finally makes the point in support of the judgment that the defendant insurance company cannot set up in its own defense equities alleged to exist in favor of other parties. But we think in the present case, the matter set up by the defendant is much more than an equity in favor of other persons. It is a judgment against it in an action in which the respondents were made parties, and which it is bound to pay.

The judgment is reversed, and inasmuch as this case was tried upon an agreed statement of facts and a stipulation that judgment should be entered without findings, the court below is directed to enter judgment in favor of the defendant.

Hall, J., and Lennon, P. J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on June 24, 1911, and the following opinion then rendered thereon:

THE COURT.—In their petition for a rehearing of this cause the respondents confine themselves to a criticism of the doctrine asserted by the court of appeals of New York in the case of *Morgan* v. *Mutual etc. Ins. Co.*, 189 N. Y. 451, [82 N. E. 438], wherein it was held that they were brought within the jurisdiction of the courts of that state by constructive service of summons. If it be conceded that their argument on this point is destructive of the doctrine assailed, it does not follow that the judgment of the district court of appeal is erroneous, for it does not rest alone upon the estoppel pleaded in the supplemental answer—it is fully sustained by the allegations (stipulated to be true) of the third defense set up in the original answer. It was upon these identical facts that the courts of New York correctly held that the appellant must pay the amount due on the policy to the representatives of those who, as assignees, had kept it alive by payment of the premiums, amounting with interest to more than the sum insured. Whether the New York decisions sustaining their jurisdiction were correct or not, it is clear that as to the merits of the controversy the final decision there was correct, and for the same reasons that appellant was compelled to pay there, it must be exonerated here.

Without determining the question of jurisdiction, the petition for a transfer of the cause to this court for further consideration is denied.