### KIBBLER v. ST. LOUIS & S. F. R. CO.

(Circuit Court. N. D. Alabama. E. D. August 22, 1906.)

### No. 33.

1. COURTS—JURISDICTION OF FEDERAL COURTS—ACT CREATING NEW DIVISION OF DISTRICT.

Act March 3. 1905, c. 1419, § 3, 33 Stat. 988 [U. S. Comp. St. Supp. 1905, p. 78], creating the Eastern division of the Northern district of Alabama, limits the territorial jurisdiction of the court therein to the enumerated counties composing the division.

[Ed. Note.—For cases in point, see vol. 13, Cent. Dig. Courts, § 1120.]

2. SAME—FOREIGN CORPORATIONS.

A foreign corporation, which under the Constitution and statutes of the state can be sued in the state courts only in counties in which it does business, is not suable in a federal court in the state unless it does business in some one of the counties within the territorial jurisdiction of such court.

[Ed. Note.—For cases in point, see vol. 13, Cent. Dig. Courts, § 814.]

On Demurrer to Plea in Abatement.

Stallings, Nesmith & Drennen, for plaintiff.

Campbell & Walker, for defendant.

TOULMIN, District Judge. The plaintiff is a resident of the Southern division of the Northern district of Alabama. The defendant is a foreign corporation. Hence this action is between citizens of different states. It is brought in the district of the residence of the plaintiff, but not in the division of the district in which the plaintiff resides. The Northern district of Alabama comprises four divisions. The act of Congress creating the Eastern division provides that it shall consist of certain counties named therein, and that all civil process issued against persons residents in said counties shall be made returnable to the court "to be held at the city of Anniston" in said division. A subsequent act provides "that all suits against a single defendant inhabitant of said state must be brought in the division of the district where he·resides." Act March 3, 1905, c. 1419, § 3 33 Stat. 988 [U. S. Comp. St. Supp. 1905, p. 78].

The facts, as shown by the record, are that the defendant is not a resident of either division of the Northern district of Alabama, has no agent in the Eastern division of said district, has no place of business in said division, and does no business in any county therein. The defendant being a foreign corporation, that part of the act referred to providing that suits against a defendant must be brought in the division of the district where he resides has no application to it. The plaintiff was at liberty to sue the defendant in the district of his own residence, but to make the right available to him the defendant must be found, for the purpose of being served with the summons, within the territorial limits of the court before which the suit was cognizable. "No judicial process, whatever form it may assume, can have any lawful authority outside the limits of the jurisdiction of the court by which it is issued." Ableman v. Booth, 21 How. 524, 16 L. Ed. 169.

It is an elementary principle of jurisprudence that a court of justice cannot acquire jurisdiction over the person of one who has no residence within its territorial jurisdiction, except by actual service of notice within the jurisdiction upon him, or upon some one authorized to accept service in his behalf, or, if a corporation is the defendant, upon an agent appointed to act for the corporation. "No court can, in the ordinary administration of justice, in common-law proceedings, exercise jurisdiction over a party, unless he shall voluntarily appear, or is found within the jurisdiction of the court, so as to be served with process. Such process cannot reach the party beyond the territorial jurisdiction of the court." Kendall v. U. S., 12 Pet. 526, 9 L. Ed. 1181. In the case of Mexican Central Ry. Co. v. Pinkney, 149 U. S. 209, 13 Sup. Ct. 859, 37 L. Ed. 699, the court said:

"It is well settled that, at common law, no court can exercise jurisdiction over a party unless he is served with process within the territorial jurisdiction of the court, or voluntarily appears."

The well established and settled principle is that, to give a court jurisdiction, a defendant against whom a plaintiff claims a judgment must be found and served with process within the limits of the jurisdiction of the court. Sullivan v. Sullivan Timber Co., 103 Ala. 371, 15 South. 941, 25 L. R. A. 543; Ex parte Schollenberger, 96 U. S. 369, 24 L. Ed. 853. I think the clear intent and meaning of the act creating the Eastern division of the Northern district of Alabama, and providing for the court therein to be held at the city of Anniston, was to give that court territorial jurisdiction within the limits of the counties named in the act, and to that extent only. Its territorial jurisdiction is, I think, unquestionably limited to the counties composing said division. Act March 3, 1905, c. 1419, § 3, 33 Stat. 988 [U. S. Comp. St. Supp. 1905, p. 78]. Moreover, a state may by its laws require, as a condition precedent to the right of a corporation to transact business within its limits, that it shall appoint an agent there on whom process may be served, and service must be had on the agent or person specially designated. In a suit against such corporation it, or some one authorized to receive process for it, must be personally cited; otherwise, there is no jurisdiction. St. Clair v. Cox, 106 U. S. 350, 1 Sup. Ct. 354, 27 L. Ed. 222; Ex parte Schollenberger, 96 U. S. 369, 24 L. Ed. 853; Ins. Co. v. Woodworth, 111 U. S. 146, 4 Sup. Ct. 364, 28 L. Ed. 379; Amy v. Watertown, 130 U. S. 302, 9 Sup. Ct. 537, 32 L. Ed. 953. In Railroad Co. v. Koontz, 104 U. S. 10, 26 L. Ed. 643, it is said:

"It is now well settled that a corporation of one state, doing business in another, is suable where its business is done, if the laws make provision to that effect."

And in the case of Insurance Co. v. Woodworth, 111 U. S. 146, 4 Sup. Ct. 364, 28 L. Ed. 379, it is said:

"That a corporation of one state, doing business in another, is suable in the courts of the United States established in the latter state, if the laws of that state so provide, and in the manner ·provided by those laws." Insurance Co. v. French, 18 How, 404, 15 L. Ed. 451; Railroad Co. v. Harris, 12 Wall. 65, 20 L. Ed. 354; U. S. v. Am. Bell Telephone Co. (C. C.) 29 Fed. 35.

Article 14, § 4, of the Constitution of Alabama of 1875 provides that:

"No foreign corporation shall do business in the state without having at least one known place of business and an authorized agent or agents therein; and such corporation may be sued in any county where it does business by service of process upon an agent anywhere in the state." Code Ala. 1886, p. 47.

By section 4207 of the Code of 1896 of Alabama, it is enacted that "a foreign corporation may be sued in any county in which it does business by an agent."

Prior to these laws a foreign corporation could not be sued in this state. Such corporation cannot be sued elsewhere than within the sovereignty of its creation without legislative authority of the forum in which suit is instituted; and it is then subject to suit in such mode as the law of the state provides. Sullivan v. Sullivan Timber Co., 103 Ala. 371, 15 South. 941, 25 L. R. A. 543; Insurance Co. v. Woodworth,

111 U. S. 146, 4 Sup. Ct. 364, 28 L. Ed. 379. A suit may now be main-tained against a foreign corporation in any county where it does busi-ness, and where there has been service of process on the corporation's agent appointed under the law requiring a foreign corporation doing business in the state to appoint an agent or agents on whom process may be served. Gale v. South Bldg. & Loan Ass'n of Ala. (C. C.) 117 Fed. 732; Barnes v. Western Union Tel. Co. (C. C.) 120 Fed. 550; McCord Co. v. Doyle, 97 Fed. 22, 38 C. C. A. 34; St. Clair v. Cox, 106 U. S. 350, 1 Sup. Ct. 354, 27 L. Ed. 222. The defendant, by doing business in this state on the conditions prescribed by its laws, has consented to be sued in any county in the state where it does busi-ness by an agent; but it is not suable elsewhere in the state without its consent.

The facts of this case, read in the light of the state laws, show that the defendant was and is not found, for the purpose of suit, in any county of the Eastern division of the Northern district of Alabama, and that it is not subject to suit in the courts, state and federal, exer-cising jurisdiction within said division. This court has no jurisdic-tion of this case unless the defendant is subjected by the state law to the jurisdiction of the state court in some one of the counties in this division of the Northern district of Alabama. Ex parte Schollen-berger, 96 U. S. 369–376, 24 L. Ed. 853; Dinzy v. Illinois Central R. R. Co. (C. C.) 61 Fed. 49. We have seen that the defendant cor-poration may be sued only in a county in which it does business by an agent (Code Ala. 1896, § 4207), and that it does no business in any county of this division. My opinion is that the defendant is not within the territorial jurisdiction of this court, and, moreover, that it is not subjected, under the state laws, to suit in any county in this division.

The demurrer to the plea in abatement is therefore overruled.