Susan M. Morgan et al., as Trustees under the Will of Dayton S. Morgan, Deceased, Respondents, v. Mutual Benefit Life Insurance Company, Appellant, Impleaded with Others.

1. Life Insurance — When Policy Issued by Foreign Corporation Deemed to Be "Personal Property Within the State." A foreign life insurance company which has complied with the requirements of the insurance laws of this state and received the certificate of the superintendent of insurance authorizing it to do business in the state, is domiciled within the state in contemplation of law and subject to the jurisdiction of its courts; and where a policy issued by it within the state to a resident of the state, who died therein, is owned and held by the legal representatives of an assignee thereof, who reside within the state, the policy, with the cause of action created thereby, is "personal property within the state," within the definition of the Statutory Construction Act (L. 1892, ch. 677, § 4).

2. SAME — ORDER OF PUBLICATION TO SERVE SUMMONS UPON NON-RESIDENT DEFENDANTS. Where a policy issued upon the life of a resident of this state by a foreign life insurance company, duly authorized to do business within the state, and payable to the wife of the insured, if living, at his death, or, if not then living, to his children, was subsequently assigned as security for premiums to be paid by the assignee, and the beneficiary died before the insured, the children of the latter who reside without the state are proper and necessary parties defendant, as well as the insurance company, in an action brought by the legal representatives of the assignee of the policy for the purpose of ascertaining and determining the interests of the parties to the action in said policy of insurance, and to establish an equitable lien by the plaintiffs upon said policy and the moneys due thereon to the extent of the moneys paid by them and by their testator upon said policy, and for the collection of said policy against the insurance company. And since the action affects the title to "personal property within the state," the Supreme Court has power under the statute (Code Civ. Pro. § 438) to direct the service of the summons by publication upon the non-resident children of the insured.

*Morgan* v. *Mutual Benefit Life Ins. Co.*, 119 App. Div. 645, affirmed.

(Argued October 2, 1907; decided November 1, 1907.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the fourth judicial department, entered May 3, 1907, which affirmed an order of Special Term denying a motion to set aside an order directing service upon certain of the defendants herein by publication.

In 1866 one Elizabeth A. Morgan made application in this state to the defendant insurance company for a policy of insurance upon the life of her husband, Orson A. Morgan. The application was accepted and the policy of insurance was delivered to her in this state. The said policy is payable to said Elizabeth A. Morgan, or assigns, and it is therein further provided that if she should die before Orson A. Morgan the amount of the insurance shall be payable to his children or to their guardian if under age. Both Mr. and Mrs. Morgan became unable to pay the premiums on said policy, and on or about the 23rd day of March, 1871, they requested the plaintiffs' testator, who was then living, to pay said premiums and preserve and keep said policy in force. The said insurance policy and the moneys due and to grow due thereon was thereupon assigned by Elizabeth A. Morgan, with the knowl-

edge and consent of her husband, to the plaintiffs' testator in writing, to hold until he should receive full payment of all sums that he should pay for premiums thereon, and a copy thereof was delivered to and accepted by the insurance company.    Thereafter the plaintiffs' testator, each and every year until his death on April 9th, 1890, paid the premiums on said policy, and after the death of plaintiffs' testator these plaintiffs, as executors and as trustees, paid the premiums thereon until the death of the person whose life was insured.    After the assignment of said policy, no premium was ever paid thereon by Mr. or Mrs. Morgan or by his children.    The premiums paid on said policy by the plaintiffs and their testator amount to more than the full sum now payable thereon.    Elizabeth A. Morgan died in 1904, and Orson A. Morgan in 1905.    After the death of Orson A. Morgan, due proofs of loss were filed with the company by the plaintiffs, and also by the heirs at law of Orson A. Morgan.    All of said heirs at law reside without the state of New York.    Elizabeth A. Morgan and Orson A. Morgan were each, at the time of the execution and delivery of said policy and at the time of the assignment thereof, residents of the state of New York.    The plaintiffs reside and the said testator in his lifetime and at all the times herein mentioned resided in the state of New York, and the policy of insurance since its delivery has always remained in the state of New York.    Since the assignment of said policy it remained continuously in the possession of the plaintiffs' testator until his death, and since his death it has been in the possession of the plaintiffs.    The defendant insurance company is a foreign corporation, having its principal office and place of business in the state of New Jersey.    It is authorized to do business within the state of New York pursuant to statutes in this state made and provided.    On October 6th, 1905, this action was commenced against the said insurance company and said heirs at law for the purpose of ascertaining and determining the interests of the parties to the action in said policy of insurance, and to establish an equitable lien by the plaintiffs upon said policy and the moneys due thereon to

29

the extent of the moneys paid by them and by their testator upon said policy, and for the collection of said policy against the insurance company.

The defendant insurance company duly appeared in the action. Thereafter upon application of the plaintiffs an order was granted directing the service of the summons upon said heirs at law by publication and service has been made on them pursuant to said order, but they have not appeared in the action. The defendant insurance company answered the plaintiffs' complaint and admitted that it issued said policy as in the complaint alleged and that the amount of said policy as stated in the complaint was then owing by it; but it further alleged that in the month of November, 1905, the said heirs at law commenced an action against it in the Superior Court of the county of San Francisco in the state of California, and therein demanded judgment against it for the amount of said policy and interest and that the policy of insurance mentioned in the said action so brought in California was the same policy of insurance and the claim thereon was the same claim mentioned and referred to in this action and it submitted its rights to the protection of the court. Thereafter said insurance company moved upon the papers upon which the order of publication was granted that said order of publication be set aside and canceled upon the ground that the court had no jurisdiction to direct publication of the summons against the defendants, said non-resident heirs at law in this action. The motion was denied and an appeal was taken therefrom to the Appellate Division where the order was affirmed, but leave was granted to the defendant insurance company to appeal to this court and said Appellate Division certified that a question of law had arisen which should be determined by this court, as follows, to wit: "Was there jurisdiction to make the order made in this action entered in the Erie county clerk's office on the 4th day of June, 1906?"

*Louis L. Babcock* and *Chauncey J. Hamlin* for appellant. The policy of insurance is not in and of itself specific personal

property within the meaning of section 438, subdivision 5. (*Trapagnier* v. *Rose*, 18 App. Div. 393 ; *Karczenstein* v. *Lehman*, 19 App. Div. 228.) The debt existing between the insurance company and the beneficiaries under the policy in question is not specific personal property. (*Von Hesse* v. *Mackaye*, 55 Hun, 365 ; 121 N. Y. 694.) The debt existing between the insurance company and the beneficiaries under the policy in question is not specific property within the state of New York. (*Carr* v. *Corcoran*, 44 App. Div. 97 ; *Douglas* v. *P. Ins. Co.*, 138 N. Y. 209 ; *Plimpton* v. *Bigelow*, 93 N. Y. 592 ; *Nat. B. Bank* v. *Sampson*, 179 N. Y. 213 ; *Mahr* v. *N. F. Ins. Co.*, 127 N. Y. 452.)

*Joseph H. Morey* and *Norris Morey* for respondents. The insurance company which owes this debt, and in whose hands this fund is found, is here before the Supreme Court of this state in this action and subject to its jurisdiction. (*Oishei* v. *P. R. R. Co.*, 117 App. Div. 110 ; *Goodman* v. *Niblack*, 102 U. S. 556 ; *Blackstone* v. *Miller*, 188 U. S. 189 ; *Devlin* v. *Roussel*, 36 App. Div. 87 ; *Harris* v. *Balk*, 198 U. S. 215 ; *L. & N. R. R.* v. *Deer*, 200 U. S. 176.) As to this policy the defendant insurance company is a resident and has its domicile here. (*Blackstone* v. *Miller*, 188 U. S. 189 ; *Sulz* v. *M. R., etc., Assn.*, 145 N. Y. 563 ; *N. E. L. Ins. Co.* v. *Woodworth*, 111 U. S. 138 ; *Simpson* v. *J. C. C. Co.*, 165 N. Y. 193 ; *Martine* v. *I. Ins. Co.*, 53 N. Y. 337 ; *Matter of Gordon*, 186 N. Y. 479 ; *Harris* v. *Balk*, 198 U. S. 215 ; *L. & N. R. R. Co.* v. *Deer*, 200 U. S. 176 ; *C., R. I. & P. Co.* v. *Sturm*, 174 U. S. 710.) This debt or fund is specific personal property within the meaning of the Code of Civil Procedure. (*Lockwood* v. *Brantly*, 31 Hun, 155 ; *Miller* v. *Jones*, 67 Hun, 281 ; *Merritt* v. *A. S. Barge Co.*, 79 Fed. Rep. 228 ; *Devlin* v. *Roussel*, 36 App. Div. 87 ; *Oishei* v. *P. R. R. Co.*, 117 App. Div. 110.)

Chase, J.   The interest of the plaintiffs' assignor, Elizabeth A. Morgan, in the policy of insurance was contingent upon

her surviving her husband. (*Bradshaw* v. *Mutual Life Ins. Co.*, 187 N. Y. 347.)  As she did not survive her husband the plaintiffs seek in this action to charge said policy and the proceeds thereof with the amount paid by them and their intestate for premiums thereon. (Pomeroy's Equity Jurisprudence, vol. 3, sec. 1243; 25 Cyc. 774, 775; Am. & Eng. Ency. of Law, vol. 19, p. 90; *Mandeville* v. *Kent*, 88 Hun, 132; *Brick* v. *Campbell*, 122 N. Y. 337; *Conn. Mutual Life Ins. Co.* v. *Burroughs*, 34 Conn. 305; *Lane* v. *N. Y. Life Ins. Co.*, 56 Hun, 92.)

The defendants other than the insurance company are proper and necessary parties to this action. (*Steinbach* v. *Prudential Ins. Co.*, 172 N. Y. 471; *Mahr* v. *Norwich U. F. Ins. Society*, 127 N. Y. 452.) The defendant insurance company, therefore, had a standing in court to move to vacate the order of publication. (*Brandow* v. *Vroman*, 29 App. Div. 597.) This is not disputed by the plaintiffs.

Service of a summons upon non-residents of the state of New York may be made as provided by section 438 of the Code of Civil Procedure. It is therein provided as follows: " An order directing the service of a summons upon a defendant, without the State, or by publication, may be made in either of the following cases:    *    *    *

" 5. Where the complaint demands judgment, that. the defendant be excluded from a vested or contingent interest in or lien upon, specific real or personal property within the state; or that such an interest or lien in favor of either party be enforced, regulated, defined, or limited; or otherwise affecting the title to such property.    *    *    *"

The term " personal property " is defined by statute. Section 4 of the Statutory Construction Law (Chapter 677, Laws of 1892) provides as follows: " The term personal property includes chattels, money, things in action, and all written instruments themselves, as distinguished from the rights or interests to which they relate, by which any right, interest, lien or incumbrance in, to or upon property, or any debt or financial obligation is created, acknowledged, evidenced, trans-

ferred, discharged or defeated, wholly or in part, and every-
thing, except real property, which may be the subject of
ownership.    The term chattels includes goods and chattels."
(Revised Statutes, part 4, title 7, chapter 1, sec. 33; Code of
Procedure, sec. 463; Code of Civil Procedure [1880], sec.
3343, sub. 7.)

It is not necessary to consider to what extent, if any, the
legislature simply by statutory definition or provision can
treat intangible personal property as within this state and
subject it to the jurisdiction of our courts as against persons
not served with process within our territorial limits, because
in this case not only are the plaintiffs as claimants residents
of this state, but the debtor and the debt as well as the written
instrument by which the debt was created, acknowledged and
evidenced are in contemplation of law within this state.

A foreign insurance company is not allowed to do business
in this state until it submits itself fully to the jurisdiction of
our courts.    It must obtain from our superintendent of insur-
ance a certificate authorizing it to do business in this state.
It is subject to examination by the insurance department of
this state and it is required to deposit with the superintendent
of insurance of this state or with the auditor, comptroller or
general fiscal officer of the state by whose laws it is incorporated,
stocks and bonds as provided by our statutes to the same
amount as required by domestic insurance corporations, which
stocks and bonds are held in trust for the benefit of all the
policyholders of the corporation.    A foreign insurance cor-
poration is also required to appoint our superintendent of
insurance its attorney in this state upon whom all lawful
process in any action or proceeding against the corporation
can be served.    The authority of such foreign insurance cor-
poration must be revoked in case it applies to remove into the
United States court any action brought against it in a court
of this state.    Our statutes expressly provide that an action
against a foreign corporation may be maintained by a resident
of the state or by a domestic corporation for any cause of
action.    Such an action may be maintained in this state by

another foreign corporation or by a non-resident when the action is brought to recover damages for the breach of a contract made within this state.

The presence of the insurance company in this state is not temporary, but continuous. It is legally and actually here, not only because process has been served upon it and it has appeared in the action, but it is here pursuant to the provisions of our statutes by authority of which it is doing business and maintaining offices in this state. The contract of insurance was made by it with a resident of this state through its agents so located and doing business here. Every transaction relating to the contract, its assignment and the payment of premiums thereon has occurred here. The policy of insurance and the claim against the insurance company for the amount payable on the policy of insurance are in the control of our court and any judgment that may be rendered in the action can be enforced and made effectual in this state. As to such a claim the insurance company should be treated as a domestic insurance company and as domiciled in this state. The situs of the debt would consequently be here and the action is one to define and enforce an interest in specific personal property within the state within the meaning of the Code provision quoted. Whenever a question as to the situs of a similar claim against an insurance company doing business in a state pursuant to the statutes thereof has been directly involved in this court or in the Federal courts, and it has been sought to uphold the situs of the claim in the state where the contract was made, it has been sustained.

In *Martine* v. *International Life Insurance Society* (53 N. Y. 339) an action was brought upon a policy of life insurance. The defendant was a foreign corporation. The court say : "The defendant sought and obtained the privilege of establishing and carrying on its business here under the regulations fixed by the statutes of this state. It established a permanent general agency and conducted its business here as a distinct organization and was permitted by law to do this in the same manner as domestic institutions. * * * As

to the business transacted here the company must be regarded as domiciled by the residence of its general agent and its local organization. * * *."

In *New England Mutual Life Insurance Company* v. *Woodworth* (111 U. S. 138) the plaintiff corporation was organized in the state of Massachusetts. It issued a policy of insurance to the defendant's intestate in Michigan. The defendant's intestate died in the state of New York. The defendant subsequently moved to Illinois and there obtained letters of administration upon the estate of the intestate, his deceased wife. The plaintiff was doing business in Illinois and had an agent appointed there pursuant to statute of that state on whom process could be served. The court, referring to the statutes of Illinois requiring every life insurance company not organized in Illinois to appoint in writing a resident attorney upon whom all lawful process against the company might be served with like effect as if the company existed in Illinois, say: "In view of this legislation and the policy embodied in it when this corporation, not organized under the laws of Illinois, has, by virtue of those laws a place of business in Illinois and a general agent there and a resident attorney there for the service of process and can be compelled to pay its debts there by judicial process and has issued a policy payable on death to an administrator, the corporation must be regarded as having a domicile there in the sense of the rule that the debt on the policy is assets at its domicile so as to uphold the grant of letters of administration there."

In *Sulz* v. *Mutual R. F. L. Association* (145 N. Y. 563) the plaintiff as administratrix of her deceased husband commenced an action against the insurance company to recover on a policy of insurance on the life of her deceased husband. The policy was issued payable at the home office of the insurance company in New York. At that time the plaintiff and her husband resided in this state; subsequently the insured went to the state of Washington and took the policy of insurance with him, leaving the plaintiff in this state. After his

death in California leaving the policy of insurance in the state of Washington, an administrator was appointed in Washington and he there commenced an action against the insurance company on the policy of insurance. The plaintiff was appointed administratrix in this state and subsequently commenced the action here. The insurance company had an attorney in Washington upon whom pursuant to the statutes of that state process could be served. This court, commenting upon the opinion in *New England Life Insurance Company* v. *Woodworth* (*supra*) and referring to the opinion, say: "The United States Supreme Court held that a company may be regarded as present in and an inhabitant of the state where it has an agent upon whom pursuant to the laws of that state process may be served and that an administrator is duly appointed in such state when the policy is brought within the state prior to such appointment although the person insured died outside the limits of the state and not a citizen thereof. As the company is to be regarded as an inhabitant of the state where its agent is thus served with process, the court held that the principle that a simple contract debt followed the person of a debtor was not invaded because the debtor was present in the state of Illinois when the suit was commenced by the husband as his wife's administrator, being at the same time the beneficiary under the policy. Under such facts the policy was assets in the state where it was when the administrator was appointed."

This court called attention to the fact that the action was properly commenced in the state of Washington prior to the commencement of the action in this state and further say: "We think the courts of the foreign state have obtained jurisdiction, and therefore could give a full and complete discharge to the company if it paid upon a judgment obtained in such action, and we ought not to permit a second action in the courts of this state upon the same policy. In such a case as this we think that the principle of comity between the states calls for the refusal on the part of the courts of this state to entertain jurisdiction."

In the recent case of *Matter of Gordon* (186 N. Y. 471) it was sought to impose a transfer tax upon the proceeds of a life insurance policy issued to a resident of the state of New Jersey by the Equitable Life Assurance Society, a New York corporation having its principal office here. The society is doing business in the state of New Jersey, where it had designated a certain official to receive service of process with the same effect as if personally served upon the company in this state. Such designation was made as a condition of doing business in that state. The policy of insurance was payable to the insured, his executors, administrators or assigns at the office of the society in New York. It was kept by the insured in the state of New Jersey, where the premiums were paid. The person insured died in New Jersey and the claim on the policy of insurance passed under his will, which was probated in that state. It is provided by our statutes that a tax shall be paid on the transfer by will or intestate law "of property within the state" even if the "decedent was a non-resident of the state at the time of his death." This court, referring to the assurance society doing business in the state of New Jersey pursuant to the statutes of that state and of the other circumstances connected therewith and detailed, say : " It would seem as though all of these circumstances were amply sufficient to fix the situs of this contract of insurance and of the claims arising thereunder in New Jersey and that fairly and reasonably they should be regarded as property within that state, rather than within the state of New York."

The decisions in *New England Mutual Life Insurance Co.* v. *Woodworth* (*supra*) and in *Sulz* v. *M. R. F. L. Association* (*supra*) are referred to and approved, and the court further say : " The policy throughout the different states of compelling an insurance company seeking to do business in one of them, to submit to the jurisdiction of its courts, by provision for a substituted service upon some person, has been widespread, deliberate and very exacting. It was intended to obviate the possibility that an individual procuring insurance

at the place of his domicile should be compelled for enforcement of his contract to go to some distant forum and become subject to the embarrassments and burdens which might result therefrom.   It was designed to give to the insured or his representatives or assigns full opportunity to enforce the contract of insurance at the place where it was accepted and to give to the state wherein he resided just as complete jurisdiction over the insurer as was possessed by the state wherein it was organized.   We feel that we are entirely justified in the view that this class of legislation was distinctly intended to abrogate that very idea that the insured could only obtain redress by resorting to the laws of the state wherein the insurance company had its organization and principal place of business, which is made the basis of taxation in the decisions cited." (See, also, *Harris* v. *Balk,* 198 U. S. 215; *Louisville & Nashville R. R. Co.* v. *Deer,* 200 U. S. 176; *Blackstone* v. *Miller,* 188 U. S. 189; *India Rubber Co.* v. *Katz,* 65 App. Div. 349; *Oishei* v. *Penn. R. R. Co.,* 117 App. Div. 110.)

The appellant relies principally upon statements taken from the opinions in *Plimpton* v. *Bigelow* (93 N. Y. 592); *Douglass* v. *Phenix Insurance Company* (138 N. Y. 209); *Carr* v. *Corcoran* (44 App. Div. 97); *National Broadway Bank* v. *Sampson* (179 N. Y. 213), and *Von Hesse* v. *Mackaye* (55 Hun, 365).

In *Plimpton* v. *Bigelow* both the plaintiff and defendant were non-residents of this state.   The action was brought upon promissory notes.   The plaintiff procured an order for the service of a summons upon the defendant by publication, and also a warrant of attachment against his property.   The sheriff undertook to execute the warrant of attachment by levying upon certain shares of stock owned by the defendant in a Pennsylvania corporation.   The stock certificates were in the possession of the defendant in Pennsylvania, and the only service of the warrant of attachment consisted in leaving copies of the papers with the secretary of the corporation in the state of New York.

In *Douglass* v. *Phenix Insurance Company* the action

was brought upon a policy of fire insurance issued in this state by the defendant, a domestic corporation. The policy was executed to a resident of this state covering property in this state. The property insured was destroyed by fire, and the plaintiff brought this action on the policy. The defendant set up in its answer that the debt owing by the defendant to the plaintiff had, prior to the commencement of this action, been attached in the state of Massachusetts in an action brought against the parties in this action and the insurance company to recover a debt owing by the plaintiff to the attaching creditors, and that said Massachusetts action was still pending.

In *Carr* v. *Corcoran* a resident of the state of Ohio brought an action in this state against a resident of the state of Pennsylvania and attempted to attach alleged indebtedness of the defendant by a resident of the state of Pennsylvania temporarily in this state.

In *National Broadway Bank* v. *Sampson* the suit was in aid of an attachment claimed to have been levied in this state upon a debt owing by a Massachusetts limited partnership to a Massachusetts corporation. The warrant of attachment was not served upon all the partners.

In *Von Hesse* v. *Mackaye* the action was brought to recover the possession of railroad bonds that were not actually within reach of the court.

The facts in each of the cases last mentioned are entirely different from the facts in the case now under consideration, and any statements in the opinions in such cases that are or seem to be opposed to the other authorities cited or to the conclusion reached herein were obiter and not binding upon the court.

The order appealed from should be affirmed, with costs, and the question certified to us answered in the affirmative.

Cullen, Ch. J., O'Brien, Edward T. Bartlett, Haight, Vann and Hiscock, JJ., concur.

Order affirmed.