## DE VALLE DA COSTA v. SOUTHERN PAC. CO.

(Circuit Court, D. Massachusetts. March 16, 1908.)

### No. 244.

1. DEATH—ACTION FOR WRONGFUL DEATH—RIGHT OF ADMINISTRATOR.

Ky. St. 1903, c. 1, § 6, giving a right of action for negligent death, entitles the duly appointed administrator of one negligently killed on a vessel owned by a Kentucky corporation while lying in a harbor in Texas to sue for such death.

2. ADMINISTRATORS—APPOINTMENT—ASSETS — SITUS — CLAIM FOR WRONGFUL DEATH.

A cause of action for wrongful death expressly authorized by Ky. St. 1903, c. 1, § 6, was not insufficient to justify the appointment in another state of an administrator, on the ground that under the statute no right of action arose in behalf of any one until after the administrator had been appointed, and that hence the appointment was necessarily invalid as needing to sustain it assets in existence before it was made. It is enough that assets and appointment come into being at the same moment.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 22, Executors and Administrators, § 24.]

**3. REMOVAL OF CAUSES—WAIVER OF OBJECTION TO JURISDICTION.**

The requirement of Act March 3, 1875, c. 137, 18 Stat. 470 (U. S. Comp. St. 1901, p. 508), that an action in the federal court based upon a diversity of citizenship be brought in the district of the residence of either plaintiff or defendant, is waived by defendant's removal of the cause to the federal court from the state court where it is brought.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 42, Removal of Causes, § 238.]

**4. ADMINISTRATORS—APPOINTMENT—WHERE TO BE MADE—CLAIM FOR WRONGFUL DEATH.**

A cause of action for wrongful death warrants the appointment of an administrator in any jurisdiction wherein defendant may be sued.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 22, Executors and Administrators, § 24.]

At Law.

W. P. Murray, John S. Patton, and Charles F. Smith, for plaintiff.
Foster & Turner, for defendant.

LOWELL, Circuit Judge. This is an action of tort removed from the state court. The declaration alleged that the plaintiff was the administrator of Rodriguez, late of Boston. The first count alleged that on a voyage from New York to Galveston, on board the steamer El Valle, in the harbor of Galveston, within three miles from the shore of Texas, Rodriguez was injured by the negligence of the defendant, from which injury his death resulted six days afterwards; that he left a widow and seven minor children dependent upon him for support, wherefore a cause of action accrued to the plaintiff by virtue of Rev. St. Tex. 1895, arts. 3017–3027. The second count alleged that the defendant operated a line of steamers to which the El Valle belonged, and which plied between New York and Galveston; that, by reason of the accident above described, an action accrued to the plaintiff by virtue of Code Civ. Proc. N. Y. § 1902. The third count alleged that the defendant was incorporated under the laws of Kentucky, and that in consequence of the accident above described a cause of action accrued to the plaintiff by virtue of Ky. St. 1903, c. 1, § 6. The defendant had constituted the Massachusetts commissioner of corporations its attorney to receive service of process; and the writ was duly served upon him. To this declaration the defendant pleaded in abatement that the plaintiff was not the administrator of Rodriguez, and further denied "that Rodriguez was a resident of Boston at the time of his death, or left goods or estate within the county of Suffolk, so that, if the plaintiff was appointed by the probate court within the county of Suffolk, said court had no jurisdiction to make such appointment."

The case was heard upon the declaration, the plea in abatement, and the following agreed statement of facts, as follows:

"It is hereby agreed that unless the right of action against the plaintiff is assets in this jurisdiction, the deceased having no property here and not having been at the time of his death a resident of the state of Massachusetts, the plea in abatement is to be sustained, but, if such right of action is assets sufficient to give jurisdiction to the probate court to bind an administrator here, the plea in abatement is to be overruled, and the case is submitted to the court for a ruling upon the matter."

That a cause of action arose under the Kentucky statute in favor of an administrator of Rodriguez duly appointed seems to be settled by The Hamilton, 207 U. S. 398, 28 Sup. Ct. 133, 52 L. Ed. ——. Was this cause of action assets of Rodriguez's estate in Massachusetts sufficient to justify the appointment here of the plaintiff as his adminisrator? The defendant answers this question in the negative, alleging two reasons: First. That under the Kentucky statute no right of action arose in behalf of any one until after the administrator had been appointed, and hence that the administrator's appointment was necessarily invalid, as needing to sustain it assets in existence before it was made. This contention is too artificial. It is enough that assets and appointment come into being at the same moment. Second. That the right of action was not assets of Rodriguez's estate in Massachusetts, a jurisdiction within which Rodriguez did not reside, and of which the defendant is not a citizen. This action is based upon diversity of citizenship. Such an action "shall be brought only in the district of the residence of either the plaintiff or the defendant." Act March 3, 1875, c. 137, 18 Stat. 470 (U. S. Comp. St. 1901, p. 508). But this requirement was waived by the defendant's removal of the cause from the state court. The defendant does not now urge that this court is without jurisdiction by reason of the statute just cited, but only because the plaintiff was not duly appointed administrator by the probate court. The defendant's contention raises this question: Does a claim like that here sued upon warrant the appointment of an administrator in any jurisdiction wherein the defendant may be sued? The question is answered in the affirmative by N. E. Ins. Co. v. Woodworth, 111 U. S. 138, 4 Sup. Ct. 364, 28 L. Ed. 379: "The letters being valid on their face, and in the form prescribed by the statute, * * * and apparently authorized by law, their validity must be distinctly negatived by what is set forth in the record, if the plaintiff's authority to sue is not to be supported by them." 111 U. S. 144, 4 Sup. Ct. 368, 28 L. Ed. 379. "Yet [the defendant's] availing itself of the privilege of doing business in Illinois, and subjecting itself to the liability to be sued in a court in Illinois, with the effect of making the policy assets in Illinois, were voluntary acts, which, though not affecting the jurisdiction of the federal court, may well be held to give a locality to the debt for the purposes of administration, so that a suit may be brought under such letters in Illinois." 111 U. S. 147, 4 Sup. Ct. 368, 28 L. Ed. 379. The opinion in Connor v. New York, N. H. & H. R. R. (R. I.) 68 Atl. 481, expressly refuses to follow Dennick v. Railroad Co., 103 U. S. 11, 26 L. Ed. 439, and makes plain that the statutes of Rhode Island, as authoritatively construed, differ from those of Massachusetts. Plea in abatement overruled.