## No. 11,704.

MINNESOTA MUTUAL LIFE INSURANCE CO. *v.* JEWETT, GUARDIAN.

Decided January 3, 1927. Rehearing denied February 2, 1927.

Action on life insurance policy. Judgment for plaintiff.

### *Affirmed.*

### On Application for Supersedeas.

1. INSURANCE—*Life Policy—Courts—Jurisdiction.* Ultimately the question of whether a judgment in favor of a guardian upon a life insurance policy, under which his ward is the beneficiary, will be a bar to another suit upon the same policy by the creditor or his guardian appointed elsewhere, must be determined by the Supreme Court of the United States.

2.  COURTS—*Opinions.* On federal questions decisions of the United States Supreme Court should be followed, rather than those of state courts.

3.  WORDS AND PHRASES—*Chose in Action—Situs.* Chose is action is a fiction, it has no real situs, and is composed of correlative matters, the right of the creditor and the duty of the debtor.

4.  TAXES AND TAXATION—*Chose in Action—Situs.* For the purpose of taxation the situs of a chose in action is held to be with the creditor and so to enforce a contract with reference to the creditor's right, as an assignment, the situs would be with the creditor.

5.  GUARDIAN AND WARD—*Statutes—Construction.* The purpose of the guardianship under C. L. § 5232, concerning nonresident wards, is to reduce the assets of the minor to possession and thereby protect them.

6.  INSURANCE—*Action on Life Policy—Situs.* An action on a life insurance policy in favor of a minor beneficiary whose whereabouts was unknown, held properly brought in Colorado where the guardian was appointed and the company was doing business.

*Error to the District Court of the City and County of Denver, Hon. George F. Dunklee, Judge.*

Messrs. PERSHING, NYE, TALLMADGE & BOSWORTH, Mr. JOHN PERSHING, for plaintiff in error.

Mr. FRED S. CALDWELL, for defendant in error.

*En banc.*

MR. JUSTICE DENISON delivered the opinion of the court.

H. PAUL Jewett, as guardian of Margaret E. Jewett, a minor, had judgment against plaintiff in error, on trial to the court, on a life insurance policy. The company brings error and moves for supersedeas. Both sides desire a decision of the whole case on this motion and full printed briefs have been filed. We think the judgment must be affirmed.

Edward H. Jewett, a resident of Denver, died leaving an insurance policy for $2,000 to his minor daughter Margaret, which was found by plaintiff among his assets.

H. Paul Jewett, his brother, had himself appointed guardian of the assets in this state of the minor daughter who is a nonresident of this state and whose whereabouts is unknown. The appointment was under C. L. § 5232, which provides for guardianship of the property in this state of a nonresident minor.

Our decision must rest on the answer to the question, Where is the situs of the chose in action, viz., the claim of Margaret against the company? If that situs is in Colorado, the guardian has right to the chose, if not, not. The guardian claims that the situs follows the debtor, and that since he might be sued by the creditor wherever he might be found, a guardian of the creditor's estate may be appointed wherever he may be found. The company, on the other hand, claims that the situs of a chose in action is with the creditor, and that therefore a guardian of his estate elsewhere gets no right to it.

The decisions in the different states and in the Supreme Court of the United States, so far as they bear on this question, are conflicting; but the question is practically if not theoretically a federal question, because ultimately the question whether a judgment rendered in favor of a guardian will be a bar to another suit upon the same policy by the creditor or his guardian appointed elsewhere must be determined by the Supreme Court of the United States as was done in *Harris v. Balk*, 198 U. S. 215, 25 Sup. Ct. 625, 49 L. Ed. 1023, 3 Ann. Cas. 1084, since the question is whether full faith and credit must be given such judgment under the Constitution of the United States.

It follows that if we can determine from the decisions of the United States Supreme Court what the status is, we ought to follow them rather than the decisions of the state courts.

The decisions of the Supreme Courts of Kansas and New York seem to be in favor of the plaintiff in error. *Modern Woodmen v. Hester*, 66 Kan. 129, 71 Pac. 279, and *Guillander v. Howell*, 35 N. Y. 657; but the Supreme

Court of the United States in *New England Mutual v. Woodworth,* 111 U. S. 138, 4 Sup. Ct. 364, 28 L. Ed. 379, has held that an insurance company may be sued wherever it does business, and that a debt on its policy is situated there, and that it is situated there for the purpose of founding administration.

This is not conclusive of the present case, but it points in the direction of affirmance. The difficulty of determining the situs of a chose in action is that it is a fiction, it is not a reality, and conclusions based on fictitious premises are dangerous. A chose in action has no real situs. It is composed, as the Supreme Court of the United States suggests in *Chicago, R. I. & P. R. Co. v. Sturm,* 174 U. S. 710, 714, 19 Sup. Ct. 797, 43 L. Ed. 1144, of correlative matters, the right of the creditor and the duty of the debtor. For purposes of taxation the situs is reasonably held to be with the creditor, because it is the right that is taxed and not the duty; so to enforce a contract with reference to that right, e. g., a contract to assign it, the situs would have to be said to be with the creditor, but is not that because it is a duty of his with reference to that right which is being enforced? If so, the duty which is being enforced is situated with the debtor in the case of the policy, and if it is so situated, the guardian would be appointed where the debtor is. This conclusion is supported in some degree by consideration of the purpose of the guardianship under the said statute, which is, of course, to reduce the assets of the minor to possession and thereby protect them. A guardian appointed outside of Colorado could not protect the assets in Colorado and could not sue to reduce them to possession. To do that a guardian would have to be appointed or the infant would have to appear in the state where the debtor might be found.

If then, we say that the situs of the chose is with the minor, do we not, in part, frustrate the purpose of the act?

If the situs were not a fiction—if the chose were tangible—we could fix the situs, and reason simply and directly from that as to whether the guardian had any right of control of the chose; but, since the chose is intangible and its situs therefore a mere fiction, we are compelled to determine that situs by a rule which would produce the best result, a result best furthering the purpose of the statute, and to that end we must say that the situs is with the debtor.

The fact that it happens in this case and in other cases against insurance companies that the debtor, by reason of doing business in many different states, may be sued in any of them, is immaterial. We must consider this case as if the debtor lived in Colorado and not elsewhere, and could be sued here and nowhere else, unless he happened to be found there.

The conclusion must be that the situs is in Colorado and it follows that the judgment must be affirmed.

Mr. Justice Burke sitting for Mr. Chief Justice Allen.