## SARTOR et al. v. ARKANSAS NATURAL GAS CO.
### No. 2387.

District Court, W. D. Louisiana, Monroe Division.

July 12, 1933.

G. P. Bullis, of Vidalia, La., for plaintiff.

W. H. Arnold, Jr., and Blanchard, Goldstein, Walker & O'Quin, all of Shreveport, La., for defendant.

DAWKINS, District Judge.

The same issues are involved in this instance as were disposed of in Sartor et al. v. United Gas Public Service Co., Inc. (D. C.) 3 F. Supp. 946, in an opinion handed down on May 9, 1933. Counsel for the defendant in the present case have filed a brief in support of a motion for new trial, but as a matter of fact, the plea here had not been ruled upon, although the court indicated its conclusion would be the same in a number of cases against this and other defendants, where the identical question was presented. In the brief filed by defendant, the case of Kibbler v. St. Louis & S. F. R.

Co. (C. C.) 147 F. 879, 880, being a decision by Judge Toulmin, Circuit Judge in the Northern District of Alabama, is cited and relied upon mainly for a reversal of the view reached in the Sartor Case. However, there the court was construing a special act of Congress, creating the Eastern Division of the Northern District of Alabama, whose language is somewhat different from that of the judicial code. It was also pointed out that the suit was *not* brought in the division of the district in which the plaintiff resided; that the defendant had no agent in the division in which the suit was filed, neither did it have an office there, nor had it done any business in said division. In the present case, the business out of which the suit grows is alleged to have been done in this division and it is brought where the plaintiff resides. Judge Toulmin said: "The plaintiff was at liberty to sue the defendant in the district of his own residence, but to make the right available to him the defendant must be found, for the purpose of being served with the summons, within the *territorial limits* of the court before which the suit was cognizable." (Italicizing by the writer of this opinion.)

Later on in the opinion he stated: "I think the clear intent and meaning of the act *creating the Eastern division* of the Northern district of Alabama, and providing for the court therein to be held at the city of Anniston, was to give that court territorial jurisdiction within the limits of the counties named in the act, and to that extent only. Its territorial jurisdiction is, I think, unquestionably limited to the counties composing said division." Citing the Act of March 3, 1905, c. 1419, § 3, 33 Stat. 988.

However, this must have been a mistake, for the reason the cited act deals with the Southern District of Alabama and not the Northern, in which the suit arose, according to the opinion. I find none of the decisions which he cited deal with the question of venue where a foreign corporation is involved, but only generally with the proposition that if a corporation is required by statute to provide an agent for the service of process, as a condition to doing business therein, a federal court will have jurisdiction as between citizens of the state and such a corporation, where service is made upon the agent within the federal district. I am more impressed with the reasoning of Judge Sanford in the case of Reich v. Tennessee Copper Co. (D. C.) 209 F. 880, wherein he says that section 53 of the Judicial Code (28 USCA § 114), requiring suits to be

brought in the division where the defendant resides, has no application to a nonresident corporation. The reason for this provision in the act was to prevent a nonresident plaintiff, or in any other case where a federal court has jurisdiction, from compelling a citizen of the state to respond to a suit brought in some division other than that of his residence, which in many instances might be very inconvenient to defendant. In other words, it was to preserve and extend the general principle that one must be sued at his domicile to divisions of a federal court. On the other hand, the defendant chooses the place in the district where it will have its agent reside and it does not appear reasonable that it can then do business where it pleases and compel those with whom it deals, who wish to sue it, to go to the place in the district where its agent resides. The process of the court within its own district is co-extensive with its territorial limits.

I have considered what counsel have had to say about the inconvenience of having to bring its officers and records into court in this division, as well as the authorities cited in support of the motion to transfer to the Shreveport Division, but I do not believe those relied upon sustain the right of the court to make such a transfer, over the objection of the plaintiff. The court will so conduct the trial as to work as little hardship as possible on all concerned.

Proper decree should be presented.